MONDS v. ELIZABETH CITY LUMBER COMPANY.

(Filed September 16, 1902.)

1. ESTOPPEL—*Trespass—Timber.*

 A defendant in trespass, claiming the right to cut timber under a void contract from one who afterwards deeded the land to the plaintiff, is estopped to deny the title of the plaintiff.

2. TRESPASS—*Timber.*

 A defendant, in trespass for cutting timber, has not any equity against plaintiff for the money because he paid the grantor of the plaintiff money under a void contract for the timber.

ACTION by Charles Monds against the Elizabeth City Lumber Company, heard by Judge *George A. Jones* and a jury, at Spring Term, 1902, of the Superior Court of CHOWAN County.

*Timber Contract—Exhibit "A."*

This agreement, made this 20th day of March, in the year 1888, between R. E. Parrish and Mary J. Parrish, his wife, of the county of Chowan, in the State of North Carolina, of the first part, and the Gay Manufacturing Company, of the State of Virginia, of the second or other part, witnesseth:

That in consideration of the sum of one hundred and thirty dollars, agreed to be paid by the party of the second part, unto the parties of the first part, viz.: For timber on 72 acres, more or less, to be hereafter laid off and designated out of the tract hereinafter described by said party of the second part, which purchase-money or consideration is to be paid as follows, viz.: Sixty-five dollars prior to the execution of this deed, the receipt of which is hereby acknowledged, and the balance in twelve months from date of this contract.

The said parties of the first part do hereby grant, bargain, sell and convey with general warranty unto the said party of the second part and its assigns, all the timber to 14 inches across the stump on the track of land lying in Chowan County, North Carolina, bounded and described as follows, viz.: By the lands of William Byrum, Rose Bunch, Jordan White, Benjamin Bateman, Doct. Richard Dillard Warren land and others, Job Riddick, and the timber embraced in this contract, is in three separate tracts. The one tract is my home farm of fifty acres; second is a ten-acre tract, called the Williams tract; third tract of twelve acres, is known by the name of the James Parrish tract. The entire land is completely joined together.

And said parties of the first part hereby grant unto said party of the second part, its successors or assigns, agents and servants, a right-of-way through and across the said tract of land above described, and any other lands owned by said parties of the first part, for the purpose of cutting and removing the timber cut from said land by said party of the

second part or its agents, or for the purpose of cutting or removing timber from any other tract of land purchased or controlled by the said party of the second part.

And said party of the first part also grant to said party of the second part the right to erect all tracts, machinery, buildings, improvements and fixtures to be used for the objects and purposes set out in the clause next hereinbefore, and also to remove the same at the pleasure of said party of the second part. And said parties of the first part hereby grant to said party of the second part and any persons or body corporate, its lawful successors or assigns, the right-of-way through said tract of land and all lands owned by said parties of the first part for a permanent railway, to be owned and operated by any persons or body corporate to whom said party of the second part shall assign the right hereby specially granted.

And said parties of the first part hereby covenant with said party of the second part and its assigns, to pay all levies, taxes, assessments, and dues upon the land and timber herein described during the continuance of this contract.

And the said parties of the first part hereby grant, accord and assure unto said party of the second part and its assigns, the full term of five years within which to cut and remove the timber hereby conveyed, said term to commence from the time said party of the second part begins to manufacture said timber into wood or lumber. Witness the following signatures and seals.

R. E. PARRISH.  (Seal.)

MARY J. PARRISH.  (Seal.)

Witness: CHAS. W. DENNIS.

From a judgment for the plaintiff, the defendant appealed.

*W. M. Bond,* for the plaintiff.

*Pruden & Pruden* and *Shepherd & Shepherd,* for the defendant.

FURCHES, C. J.   This is stated to be an action to remove a cloud upon the title of plaintiff's land; but the pleadings and trial of the case resolve it substantially into an action of trespass upon the plaintiff's land, and cutting and removing timber therefrom.   It appears that on the 20th March, 1888, R. E. Parrish and wife sold and undertook to convey the timber on this land to the Gay Manufacturing Company, for which it paid Parrish $130.   On the 5th of March, 1892, said Parrish and wife sold and conveyed said land to the plaintiff by deed in fee simple.   The plaintiff at once entered and took possession, and has held the actual possession of said land under said deed ever since.   On the 28th of June, 1900, the Gay Manufacturing Company sold and assigned all its interest in said timber to the defendant company, and this is the only claim the defendant has to said timber.   In October, 1900, the defendant entered upon said land and cut and carried away the timber therefrom, and this action is for trespass and the value of the timber so cut and carried away.

The contract of Parrish and wife with the Gay Manufacturing Company and the deed from Parrish and wife to the plaintiff were offered in evidence, and the trespass in cutting and taking away the timber was admitted, its value was found by the jury, and judgment being rendered for the plaintiff, the defendant appealed.

It was admitted by counsel for the defendant that the contract between Parrish and the Gay Manufacturing Company was the same in terms as the one declared on in *Rumbough v. Gay Manufacturing Company,* 129 N. C., 9, and was absolutely void.   This, it seems to us, puts an end to the case, but

the defendant did not think so, and filed the following exceptions:

At the close of the testimony the defendant asked the Court to charge as follows:

1. There is no evidence for the consideration of the jury that the plaintiff owned the land described in the complaint at the time the trespass was committed. Refused and defendant excepted.

2. There is no evidence for the consideration of the jury that the plaintiff owned the timber described in the complaint at the time the trespass was committed. Refused and defendant excepted.

The Court charged the jury that, inasmuch as the plaintiff claimed the title under R. E. Parrish and wife, under whom the defendant also claimed the right to cut the timber by virtue of the said timber contract, the defendant was estopped to deny the plaintiff's title to said land, and if they believe the evidence in the case they should answer the first issue, "Yes." To this charge the defendant excepted.

None of these exceptions can be sustained, and, in our opinion, do not call for a discussion at our hands.

In the argument before us the learned counsel contended that the defendant had an equity upon the plaintiff for the $130 the Gay Manufacturing Company paid Parrish, which the plaintiff should pay; and that he must do that, or offer to do so, before he had any right of action; that it was an equitable action and he must do equity. No such ground as this was taken in the pleadings, nor on the trial below, so far as we are informed; nor do we see any ground to rest such a defense upon. This question was expressly decided in *Rumbough v. Gay Manufacturing Company, supra,* argued by the same attorneys, and which would have to be overruled if we were to sustain this contention.

But the defendant has never paid the plaintiff anything,

nor has the plaintiff ever recovered anything from the defendant, and we see no privity between them or equity in the case. As the plaintiff never received anything from the defendant, we fail to see any right of action against the plaintiff, if it had been set up in the answer. *Davison v. Land Co.,* 126 N. C., 704.

Affirmed.