C. C. SMITH, Jr., v. NEW BERN LUMBER COMPANY.

(Filed 22 December, 1908.)

1. **Deeds and Conveyances—Timber—Title, Source of—Description—Estoppel—Breach of Contract.**
   Defendant, claiming title to timber by *mesne* conveyances from plaintiff, is estopped to deny plaintiff's title to the lands in an action to recover damages for cutting timber of other kinds and dimensions than the conveyances specify.

2. **Timber—Independent Contractor—Prima Facie Case—Questions for Jury.**
   In this case defendant offered no evidence. Plaintiff's evidence made out a *prima facie* case, and the questions of independent contractor and a wrongful cutting of plaintiff's timber were for the jury.

ACTION tried before *W. R. Allen, J.,* and a jury, at Fall Term, 1908, of JONES, to recover damages for cutting timber upon certain lands belonging to plaintiff.

.These issues were submitted to the jury:

1. "Was the plaintiff the owner of the land described in the complaint?" Answer: "Yes; a one-half interest."

2. "If so, did the defendant wrongfully cut timber thereon not conveyed by the deeds of C. C. Smith to C. M. Heath?" Answer: "Yes."

3. "If so, did defendant wrongfully consume lightwood therefrom?" Answer: "Yes."

4. "What damage, if any, is plaintiff entitled to recover?" Answer: "Three hundred dollars."

From the judgment rendered the defendant appealed.

*Warren & Warren, Simmons, Ward & Allen* for plaintiff.
*W. D. McIver* for defendant.

PER CURIAM: It is admitted in the amended answer of the defendant that it claims title to all the timber of certain kinds and dimensions by virtue of the timber deeds from the plaintiff to Heath, and thence by *mesne* conveyances to the defendant. The timber was cut and the entry made on the lands for the purpose of cutting it in pursuance of such deeds. In conse-

LAND CO. *v.* ERWIN.

quence the defendant would be estopped from denying plaintiff's title to the land in an action brought to recover damages for a violation of the contract by cutting timber of other kinds and dimensions than such as is authorized by the contract. *Monds v. Lumber Co.,* 131 N. C., 20.

It will be seen from the defendant's amended answer that the only issue raised by the pleadings is the liability of the defendant for such wrongful cutting. The defendant's answer sets up that the cutting was done by an independent contractor, over whom it had no control. . As to whether Heath was cutting for defendant, as its agent, or under an independent contract, was a question under the evidence in this case for the jury. The defendant offered no evidence as to its relations with Heath, but rested its case upon the evidence offered by plaintiff.

The evidence introduced by plaintiff made out a *prima facie* case and was amply sufficient to go to the jury, both upon that question and as to the wrongful cutting of timber, etc., not authorized by the timber contract.

We have examined the record with our accustomed care, and fail to find any error necessitating a new trial.

No Error.