Pearson, J.
 

 In respect to the agreement to refer the alleged excess of charge to the determination of the two persons named,
 
 Mayo
 
 v.
 
 Gardner,
 
 4 Jones’ Rep. 359, is in point. To make such an agreement binding, it is not necessary that there should be a legal cause of action. It is sufficient if there be a
 
 bona fide
 
 difference of opinion as to the rights of the parties. If it be admitted that the defendant was under no legal obligation to refund the excess, still it,is clear that the plaintiff honestly thought he was, and the mode of settling the difficulty which the parties mutually agreed to, is binding according to the authority of the above case, and the cases there cited.
 

 In respect to the exception that the Court refused to call the attention of the jury particularly to the testimony of one of the witnesses,
 
 Boykin
 
 v. Perry, 4 Jones’ Rep. 325, is decisive.
 

 In respect to the objection, that the
 
 express promise
 
 to pay whatever sum the two persons named should decide to be the excess, is void for the want of a consideration ; we are satisfied it does not fall under the class of
 
 nude pacts.
 
 Any benefit to the one, or loss, or trouble or inconvenience, to the other party, is a sufficient consideration. In this case, the plaintiff was subjected to the trouble and inconvenience of procuring the two persons named, to inspect the work and render their decision in writing. After this, the defendant was not at liberty to say his express promise had no consideration to support it; for the trouble and labor of having the inspection made, was undertaken upon the faith of this promise, and in legal parlance was done at his “ instance and request.” This distinguishes the case from
 
 Hatchell
 
 v. Odom, 2 Dev. and Bat.
 
 *128
 
 Bep. 302. where the subject of consideration is fully discussed,, and the court conclude that the promise in that caso was-
 
 nudwnpackím;
 
 for “No benefit has resulted to the defendant’s intestate from being permitted by the plaintiff to incur the expense and trouble of endeavoring to cure the plaintiff’s slave. No inconvenience or prejudice has been occasioned to-the plaintiff” — thus affirming the general doctrine, and making that case an exception. See notes to
 
 Lampleigh
 
 v.
 
 Brathwait,
 
 1 Smith’s leading cases, 193 (67.) There is no error.
 

 Pee Cukiam, Judgment affirmed.