Pearson, J.
 

 A lease for years is a contract, by ■which one agrees, for a valuable consideration, called rent, to let anotN er have the occupation and profits of land for a definite time. At common law, a lease could be made by parol, for any
 
 *275
 
 number of years, but entry was required to execute tbe contract and
 
 vest an estate
 
 as a
 
 term for years.
 

 Not only tbe land, but
 
 any part
 
 thereof, tbe herbage, trees, minerals, i. e., coal, copper, &c., could be made tbe subject of a term for years.
 

 Tbe rent or consideration was most usually reserved to be paid annually; in which case, if is was tbe - value, or nearly so, it was called “
 
 raólü
 
 rent;” but tbe whole might, according to tbe contract, be paid at tbe outset, and was then called “ a fine,” and in such cases it was usual to reserve something nominal, i. e., “ a peppercorn,” to be paid annually, during tbe continuance of tbe term. This was done simply to mark tbe relation of the parties, and in long leases, was a prudent precaution, lest peradventure tbe lessee, or his assignee, might seek to make an improper use of tbe long possession, and disavow tbe estate of tbe lessor. Eor instance, suppose tbe value to be $100 : if, by tbe contract, it was to be paid annually, for eight years, tbe lease would be upon rack rent; if tbe $800 was paid down, the lease would be upon
 
 “
 
 a fine.”
 

 In our case tbe contract is in writing, as required by statute ; tbe statute of uses transfers tbe legal estate, and perfects
 
 the term
 
 without entry; a definite time, i. e.,
 
 eight years
 
 from tbe date of tbe covenant is fixed ; a note for $800 is accepted as
 
 “
 
 fine,” and there is a subject capable of being leased i. e., tbe cypress trees on a tract of land, tbe boundaries of which are set out. So, the question is narrowed to this : "Was it tbe intention of the parties to make, by this instrument, a mere personal contract,- tbe remedy, for a breach of which, would be against Moring or his personal representative in damages, and would not affect the land in tbe hands of the purchaser; or
 

 Was it the intention to make a term for years, and create an estate, which is protected by an adequate remedy ?
 

 The rule,
 
 ut res magis valeat guampereat,
 
 and every principle of construction, force us to the conclusion, that it was the intention to create an estate, so as to enable Simmons to occupy and take the cypress trees for eight years, and not to leave it in the power of Moring to deprive him of the enjoy
 
 *276
 
 ment thereof. Assuming this to have been the intention, the authorities cited in the argument are full, to sustain the position that no technical words, or set form, are required to make a valid lease for years.
 

 A term for years, being assignable, it follows that the defendant was possessed of an estate, which gave him the right to enter.
 

 The judgment is reversed, and upon the agreement, judgment of nonsuit.
 

 Pee Cueiam, Judgment reversed..