MARY L. SULLIVAN *vs.* OLD COLONY RAILROAD COMPANY.

Bristol.   October 31, 1890. — January 12, 1891.

Present: FIELD, C. J., W. ALLEN, C. ALLEN, & KNOWLTON, JJ.

*Railroad — Employee — Loss of Life — Due Care.*

If a switchman required by his duties to cross the railroad tracks, while attempting to do so in the daytime when he knows that a locomotive engine is expected soon to pass which could be seen approaching for a considerable distance, turns his back to the engine without looking until just as it strikes and kills him, he is not in the exercise of due care such as will enable his widow to maintain an action, under the St. of 1887, c. 270, § 2, against the railroad company for causing his death.

TORT, under the St. of 1887, c. 270, § 2, by the widow of Edward M. Sullivan, for causing his death.   Trial in the Superior Court, before *Hammond*, J., who ordered a verdict for the defendant, and reported the case for the determination of this court.

It appeared in evidence that the deceased was employed as a switchman by the defendant in its yard at New Bedford, at a point where there were several tracks running from north to south, and that he had worked at the same place for one or two years.   On the question of due care on his part, there was evidence that his switchman's shanty was situated on the east side of the tracks ; that it was a part of his duty every morning, and had been for a year, to throw a switch at about ten o'clock that a locomotive engine might pass from one of the main tracks into the roundhouse, which was also situated on the east side of the tracks ; that from his shanty he had an unobstructed view along the tracks in the direction from which the locomotive came for a distance of twelve hundred feet; that just before ten o'clock on the day of the accident he was seen to leave his shanty and cross to the west side of the tracks, and there to throw a switch ; that after doing so he started to recross the tracks with his back towards the locomotive which was then approaching; that as he reached the middle track, upon which the locomotive was running, he was struck by it and instantly killed ; and that he did not turn his head towards the engine till just as the engine struck him.   The report did not disclose what duty, if any, required the deceased to cross the tracks to throw the switch on the west side, and then to cross them again.

*J. W. Cummings*, for the plaintiff.

*A. J. Jennings*, for the defendant.

FIELD, C. J.   We think that the evidence not only fails to show the exercise of due care on the part of Edward M. Sullivan, but tends to show that he was careless.   He attempted to cross the track in the daytime, when a locomotive engine, as he knew, was expected soon to pass by, and could be seen approaching for a considerable distance if he had looked to see it, and there was no evidence that he looked to see it; but there was evidence that his back was turned towards the engine " till just as the engine struck him."   It does not clearly appear that his duty

required him to cross the tracks towards the west, and then to cross back again; but if we assume this, still there is not sufficient evidence of due care on his part.

*Judgment on the verdict.*