## MANUFACTURING CO. v. HOBBS.

(Filed March 12, 1901.)

1. CONTRACTS—*Validity—Logs and Logging.*

> A contract for the sale of standing timber which allows the purchaser an indefinite time in which to cut and remove the same is void for uncertainty.

2. CONTRACTS—*Waiver—Reasonable Time.*

> The rights of a purchaser under a contract for the sale of growing timber allowing a reasonable time to remove it are waived by failure to commence to remove for 13 years.

3. JUDGMENT—*Supreme Court—The Code, Sec. 957.*

> The Supreme Court will render such judgment as shall appear to be proper from inspection of the whole record.

ACTION by the Gay Manufacturing Company against J. A. Hobbs and others, heard by Judge THOMAS McNEILL and a jury, at Fall Term, 1900, of CHOWAN County Superior Court. From judgment for defendant, the plaintiff appealed.

*Shepherd & Shepherd,* and *Pruden & Pruden,* for the plaintiffs.

*W. M. Bond,* and *Charles Whedbee,* for the defendants.

MONTGOMERY, J.   It was admitted on the trial below that the logs belonged to the plaintiff, and that the plaintiff would be entitled to recover them if the contract, which was in writing, was sufficient and valid in law to convey them. The contract was entered into on the 26th of April, 1887, between Noah Hollowell and his wife and the plaintiff, and it was set forth therein that for the consideration of two hundred dollars, one-half to be paid on the execution and delivery and the other half to be paid in twelve months, Hollowell and wife

had sold and conveyed to the plaintiff "all the timber down to 14 inches across the stump when cut on 50 acres of Hollowell's land." It was further stipulated in the contract that Hollowell was to pay all taxes, dues, assessments, etc., on the land and on the timber, and that there was allowed to the plaintiff "the full term of five years within which to cut and remove the timber hereby conveyed, said term to commence from the time said party of the second part begins to manufacture said lumber into wood or lumber."

The trial below was conducted altogether upon issues of fraud alleged to have been committed by the plaintiff on Hollowell and his wife in the treaty and the inducement leading up to the contract. The issues were found in favor of the defendants, and a judgment was entered for the value of the logs—the plaintiff having taken them into his possession. It was further adjudged that the contract between Hollowell and his wife and the plaintiff was void, and that the defendants are the owners of the timber trees standing on the land.

We are of the opinion that there is on the face of the pleadings an insuperable obstacle to a recovery on the part of the plaintiff, and that we ought, under section 957 of The Code, to affirm the judgment of the Court below. *Thornton v. Brady,* 100 N. C., 38; *Carter v. Rountree,* 109 N. C., 29. The matter to which we refer is that provision of the contract by which is granted the full term of five years within which to cut the timber, the term to commence from the time the plaintiff (party of the second part) begins to manufacture the timber into wood or lumber. We think that that feature of the contract renders the whole void. The contract may be treated as a lease, or a term for years, for a lease can be made of the right to cut trees or dig minerals. An indispensible legal requirement to the creation of a lease for a term of years is that it shall have a certain beginning and a certain

end.   Blackstone says that such an estate is frequently called a term, *terminus,* because its duration or continuance is bounded, limited and determined.   If no time at which a lease is to commence has been mentioned, the law would fix that time as of the date of the contract.   *Moring v. Ward,* 50 N. C., 272; 2 Blk. Com.   But there is an attempt to fix the beginning of the lease in the contract before us.   It is when the plaintiff shall begin to manufacture the timber into lumber.   That act on the part of the plaintiff may never take place; it is entirely uncertain.   The plaintiff can not be made to commence to manufacture the timber into wood or lumber, and no rule can be thought of by which the commencement of the term can be fixed.   It is evident from the reading of the contract that the fee in the land was not to pass, and yet no one can tell how long the land and the other timber upon it may remain useless to the defendants and to the Commonwealth under the indefinite and uncertain time at which the lease is to begin.

If the doctrine of reasonable time could be invoked in this case, the plaintiff would be in no better condition than he now occupies.   The price was $200 for the timber, 14 inches on the stump *when cut,* and the defendants to pay all taxes, and the contract made 13 years ago, and not a stick of timber yet cut by the plaintiff.   Under these circumstances it would certainly be held as matter of law that the plaintiff had allowed a reasonable time to cut the timber to elapse, and, not having done so, its rights under the contract had been lost. The judgment below is

Affirmed.