## BUNCH v. ELIZABETH CITY LUMBER CO.

(Filed December 18, 1903).

1. CONTRACTS—*Logs and Logging—Timber.*

> Where a contract conveys the timber on land to be removed within a specified time (here five years), the vendee cannot remove it therefrom after the expiration of the time specified, a reasonable time being allowed within which to begin the cutting of the timber after the execution of the contract.

2. PAYMENT—*Contracts—Logs and Logging—Equity.*

> Money paid for an option to cut timber during a certain period cannot be recovered back by the purchaser of the option, or his assignee, merely because he fails to take advantage of the option.

PETITION to rehear this case reported in 131 N. C., 830. Petition dismissed.

*Pruden & Pruden* and *Shepherd & Shepherd,* for the petitioner.
*W. M. Bond,* in opposition.

WALKER, J.  This is a petition to rehear the above-entitled case, which was decided by a *per curiam* order at August Term, 1902, and is reported in 131 N. C., at page 830.

This case and *Monds v. Lumber Co.,* 131 N. C., 20, were argued at the same time, with the understanding, as the Court then thought, that the former case should abide the decision in the latter, but counsel inform us now that the two cases were argued together only for the sake of convenience, as the facts and principles of law involved in each of them are substantially the same, and it was not intended that the plaintiff in this case should be concluded by the decision in the Monds case, in which no petition to rehear is filed.  We

accept this statement of counsel as to the real understanding of the parties, and will proceed to consider the errors alleged in the petition.

The contention is that the petition should be heard as if an opinion had been filed in the case substantially like the one in the Monds case, the necessary changes being made to suit the facts wherein they may differ from those in the latter case, and this being done the petitioner assigns as errors that in the Monds case, which is based upon the authority of *Mfg. Co. v. Hobbs,* 128 N. C., 46, 83 Am. St. Rep., 661, and *Rumbough v. Mfg. Co.,* 129 N. C., 9, the Court construed the contract between the parties as a lease and therefore void for uncertainty as to the time of its beginning, whereas, in fact and in law, there was a sale outright of the timber, the contract being executory as to the right to cut and remove it, which continued until abandoned in some way by the purchaser.

It is also alleged that the Court erred in deciding that the action was not of an equitable nature, and in its essence like a suit in equity to remove a cloud from the plaintiff's title, whereas the Court should have held that the plaintiff had come into a court of equity for relief and should be compelled to return the $200 paid to him, at the time the contract was made, by the Gay Manufacturing Company, the defendant having succeeded to all its rights and equities by virtue of the deed of the latter company to it.

It is a mistake to suppose that the Court in *Mfg. Co. v. Hobbs, supra,* decided that the contract must be construed as a lease of the timber trees or as a term for years. The Court merely stated that it so far partook of the nature of a lease as to require the application of the same rule of law in determining its validity as would apply in the case of leases or terms for years, and that, as in such cases there must be a certain beginning and a certain end, the contract is void, as

no definite time is fixed for the beginning of the term. 2 Blk., 143 and 318. A bare lease does not vest an estate in the lessee, but only gives him a right of entry, which is called his interest in the term (*interesse termini*), but when he has actually entered and thereby accepted the grant, the estate is then and not before vested in him, and he is possessed, not properly of the land, but of the term for years, possession or seizin of the land remaining still in him who has the free-hold. 2 Blk., 144. While some of the cases in this and other States liken a contract of the kind we are construing to a lease, it may be true that it should not be technically so construed, but that it should be regarded as a conveyance of the timber, or an interest or estate in the timber, upon condition that if it is not cut and removed within a given time the interest or estate so conveyed shall revest in or revert to the grantor. While we are inclined to adopt this as the better interpretation, and the one more perhaps in consonance with the intention of the parties as disclosed by the language employed by them, yet we think that, however the contract may be considered with reference to the interest or estate of the defendant's assignor, the result in this case must be the same, and even if the title in the trees vested the very moment the contract was delivered, and by virtue of it as an executed contract of sale, that title has been lost by inaction or failure to comply with the condition upon which it was conveyed, or, more exactly speaking, by failure to cut the timber within the time limited by the contract. There appears to be some diversity of opinion to be found in the cases as to when the title to the timber passes, whether immediately upon the execution of the conveyance or not until the timber is cut and removed, in a case like this, where the time limit extends not only to the cutting but to the removal. This distinction, if well taken, can make no practical difference in the construction of the contract under consideration, as we hold that the

time for cutting and removing the timber as fixed by the con-
tract had expired before this suit was brought, and it is there-
fore immaterial whether we decide that the title never passed
out of the plaintiff, as the timber was not cut within the time,
or reverted to him at the end of the allotted time by reason
of the failure to comply with said condition.    In neither view
of the matter can the defendant succeed in this action.

We are not inadvertent to the fact that some courts, whose
decisions are entitled to the highest respect, have held that
the title passes to the vendee, if we may so call him, and re-
mains in him notwithstanding the expiration of the time fixed
for the cutting and removal of the timber, so that if he enters
upon the land to cut the timber his vendor may sue him in
an action in the nature of trespass *quare clausum fregit* and
recover damages for breaking the close, though he cannot re-
cover in an action in the nature of trespass *de bonis asportatis,*
or for the value of the timber so cut and removed, after the
time has run out.    We cannot adopt this principle as the one
which should determine the rights of parties in such cases, and
especially are we unable to do so in this case, in view of the
language of the contract under construction, which we think
evinces most clearly a contrary intention.    We must carry
out the declared purpose of the parties if it has been suffi-
ciently disclosed by them in their agreement, and that, in
our opinion, has been done in the case at hand.

We cannot conclude, after a careful examination of the
terms of the contract, that the parties conveyed the timber
with a proviso limiting the time within which it should be
cut and removed, and intended thereby that after the expira-
tion of that time the defendant's assignor should still have
an interest or title in the timber, but without the right of exer-
cising any control or dominion over it, unless by committing
a trespass upon the land.    Such a meaning would have to be
very clearly expressed before we would feel at liberty to adopt

it as the one contemplated by the parties.   We prefer to rest our decision in this case upon that construction of the contract which is in our judgment more in accord with a reasonable view of the rights of the parties under it, rather than upon one which will go beyond what is necessary to effectuate the intention and produce such an anomalous result.

If an estate in the timber·was conveyed by the contract, treated for the purpose as a deed, it must be commensurate only with the purpose and object of the conveyance, namely, to enable the defendant's assignor to cut and remove the timber within the five years, and it should endure no longer.   At the expiration of that time the estate in so much of the timber as had been cut and removed would revert to the vendor, or at least the timber would become his absolute property.

If it is merely an executory contract, whereby title to so much of the timber as should be cut within the time limited would pass to the defendant's assignor, then the title to so much as should not be cut and removed within that time would remain in the vendor.   It can make little or no practical difference in this case, as we have virtually said, whether we adopt the former or the latter view of the relation of the parties or of the interest which passes by such contracts.   In any view that can be taken of the subject, the defendant's assignor had the right to enter upon the land and cut and remove therefrom the timber then standing, and to continue to do so within the five years, but at the expiration of that time his right to cut and remove the timber ceased, whether by revesting the estate in the remaining timber in the grantor or by a mere cessation of his right or option to cut and remove the timber under and by virtue of the instrument treated as an executory contract, is of no importance, in view of the special facts of this case.   It is more a difference in form than in substance. In no event should we give a construction to the instrument which will confer any greater right or estate than is commen-

surate with the object and purpose of the parties as expressed in it. The spirit and letter of the contract exclude the idea that when the time fixed by it expired the defendant's assignor was to have any right, interest or estate in the timber then standing on the land.

The majority of the cases in the other States which we have been able to examine seem to hold that the clause fixing the time within which the timber must be cut and removed was designed to limit the whole grant, and that the object of such a contract or conveyance is the sale of all the timber which should be taken off by the end of the time fixed in the instrument. The contracts are thus held to be executory in their nature. *McIntyre v. Barnard,* 1 Sandf. Ch., 52; *Gilmore v. Wilbur,* 12 Pick. (Mass.), 120; *Strasson v. Montgomery,* 32 Wis., 52; *Reed v. Merryfield,* 10 Metc. (Mass.), 1055; *Howard v. Lincoln,* 13 Me., 122; *Saltonstal v. Little,* 90 Pa. St., 422. And this is held to be the correct interpretation, even where the words of conveyance are *in presenti,* and do not refer merely to the time *when* the timber is cut. *Pearce v. Gibson,* 6 Greenleaf, 81; *Fletcher v. Livingstone,* 153 Mass., 118; *Hicks v. Smith,* 77 Wis., 146.

In *Strasson v. Montgomery, supra,* the Court says: "The conveyance is of all the trees and timber on the premises, with the proviso that the vendee should take the same off the land within four years. It is well settled on principle and by authority that the legal effect of the instrument is that the vendor thereby conveyed to the vendee all of the trees and timber on the premises which the vendee should remove therefrom within the prescribed time, and that such as remained thereon after that time should belong to the vendor or to his grantee of the premises."

In *Fletcher v. Livingstone, supra,* it is said to be well settled that a contract like that relied on by the defendant in this case does not immediately pass the title to property, and

is not a sale or a contract for a sale of an interest in land, but an executory agreement for a sale of chattels, to take effect when the wood and timber are severed from the land, with a license to enter and cut the trees and remove them.

Many other cases could be cited in which the same doctrine is laid down. By some of the courts it is held that the title to all of the timber passes, but the title to so much as is not cut and removed within the prescribed time reverts to the vendor. *Williams v. Flood,* 63 Mich., 493. In that case the Court says: "It is not very important to discuss the exact nature of the plaintiff's rights under the written contract. Whatever they were, they included an absolute sale of all the timber described, subject only to such qualifications of the right of removal as the contract mentions. At most, this condition would only operate by way of forfeiture. The timber had all been paid for, and all belonged to the plaintiff, unless lost by forfeiture for non-removal." See, also, *McCumber v. Railroad,* 108 Mich., 491, and cases therein cited.

In *Moring v. Ward,* 50 N. C., 272, this Court, by *Pearson, C. J.,* said that by such a contract it is the intention to create an estate, so as to entitle the vendee to occupy the land and take the trees for the time prescribed in the contract, and that this estate is in its nature a lease for years, and that the contract is not merely personal in its nature. In this case we repeat that it is not so important to determine the exact nature of the right or estate created by the contract as it is to decide whether or not the defendant, after the expiration of the time fixed for entering upon the land and removing the timber, had any interest or estate in the timber. It is our opinion, after a most careful examination of the authorities, that it did not have any interest or estate therein.

The defendant insists that the fixed years did not commence under the terms of the contract until his assignor "began to manufacture the timber into wood or lumber." As no defi-

nite time is fixed for the Gay Manufacturing Company to begin the manufacture of the timber, the law will imply a reasonable time. We do not think it can be successfully contended that thirteen years is not, as matter of law, an unreasonable time for cutting and removing the timber under the terms of the contract. *Manufacturing Co. v. Hobbs, supra.* Neither the defendant nor his assignor had ever cut any of the timber until about two months before this suit was brought.

It is admitted that the Gay Manufacturing Company had paid to the plaintiff at the date of the contract, March 20, 1888, the sum of $200, that being the amount which the defendant alleges was paid to the plaintiff in advance on the purchase of the timber. The defendant now contends that it is entitled to have that amount paid to it as the assignee of the Gay Manufacturing Company, because it would be inequitable to allow the plaintiff to keep the timber or recover damages from the defendant for its conversion without returning the sum so received by it. It is argued that the plaintiff seeks to have a cloud removed from his title, and that he who asks equity must first do equity. We cannot concur in the view thus taken by the defendant. The only issues submitted to the jury related to the plaintiff's damages for cutting the timber and the defendant's counterclaim. It is true that the plaintiff does allege in the eighth paragraph of the complaint that the defendant's assertion of a right to the timber by virtue of the contract is a cloud upon his title, but this was an unnecessary allegation, and the prayer of the complaint does not correspond with it, nor is the removal of the cloud any part of the relief sought by the plaintiff. Besides, the judgment of the Court was simply for the amount of the damages assessed by the jury for the trespass committed by the defendant in cutting the timber, or rather, to follow closely the language of the verdict to which the judgment refers, for the value of the timber and nothing else.

This is not an equitable action. The plaintiff does not seek to rescind the contract, in which case the Court would put the parties *in statu quo,* but merely alleges in his complaint the facts, and asks that he be declared the owner of the timber cut and converted to the defendant's use, that the contract be declared of no effect because of the expiration of the time limited in it for cutting the timber, and that he recover of the defendant the damages sustained by reason of its trespass or conversion. The complaint is drawn upon the theory that the contract had expired by its own limitation, and that therefore the defendant in entering upon the land and cutting the timber committed a tortious act.

The defendant's assignor paid the $200 practically for the right or privilege of cutting the timber within five years, which right or privilege was never exercised, but the plaintiff was prevented during that time from selling to any one else. If money is paid for an option to cut timber during a certain period and the party to whom the option is given does not see fit to avail himself of it, how can any equity arise in his favor to have the money paid back to him? It does not even present a case where money has been paid upon a consideration that has failed. He has simply refused to do what he had a right to do, and to compel the plaintiff to give him back his money would permit the defendant to take advantage of his own default. The plaintiff was certainly put to a disadvantage by the contract in being denied the right to the use of the land, or, as we have said, to dispose of it during the prescribed period, and this is a sufficient consideration to support his legal and equitable right to the money. In no possible view of the case, therefore, has the defendant any equity to have the money refunded.

There is no error in the former decision of this Court.

Petition dismissed.