HAWKINS v. LUMBER CO.

(Filed September 26, 1905).

*Deeds—Timber   Contracts,   Construction   of—Repugnant Clauses.*

1. Growing timber is a part of the realty, and deeds and contracts concerning it are governed by the laws applicable to that kind of property.

2. Where a deed conveys all timber now standing or which may be standing on certain lands during the period of fifteen years from and after the time when the grantee shall begin to cut and remove said timber, and the time in which to begin to cut and remove said timber is not limited, and provides by a subsequent clause that the grantor assures unto the grantee the full term of fifteen years, as above set forth, within which to cut and remove the timber hereby conveyed, *held,* that the instrument conveys a present estate of absolute ownership in the timber defeasible as to all timber not removed within fifteen years from the time of commencing to cut, allowing a reasonable time to begin such cutting. (The opinion in *Mfg. Co. v. Hobbs,* 128 N. C., 46, criticised).

3. That part of the deed giving an unlimited time to cut and remove the timber will be rejected because it is indefinite and repugnant to the first part of the stipulation as to time, and because it is contrary to the intent and purpose of the parties as indicated by the entire instrument.

ACTION by John L. Hawkins against Goldsboro Lumber Co., pending in the Superior Court of JONES County, heard by *Judge Jas. L. Webb,* at Chambers, at New Bern, on April 14, 1905, upon motion of the plaintiff to continue to the hearing a restraining order theretofore issued. From a judgment continuing the restraining order to the hearing, the defendant appealed.

Civil action to enjoin defendant from cutting timber on land claimed by plaintiff. The defendant seeks to justify under a deed from plaintiff J. L. Hawkins to J. W. Smith and John P. Moore, dated February 25, 1893, and, second, a deed from Smith and Moore to W. A. Winsatt, and a license from Winsatt to defendant. The judge below heard the evidence and found the facts to be, first, that the instrument of writing under which defendant claims title to the timber in controversy was executed on February 25, 1893; second, that defendant did not begin to cut the timber until March 29, 1905, and thereupon declared the following conclusions of law: "Upon this finding, the court is of opinion, as a matter of law, that the said instrument of writing, under which the defendant claims his right to cut the timber, is void for uncertainty; and for the further reason that the defendant and those under whom it claims failed to begin to cut the timber in dispute within a reasonable time from the date of the execution of the deed, February 25, 1893, and adjudged that the restraining order theretofore issued be continued to the hearing." Defendant excepted and appealed.

*D. L. Ward* for the plaintiff.
*A. D. Ward* and *T. C. Wooten* for the defendant.

HOKE, J., after stating the case: The rights of the parties to this controversy were made to depend on the true construction of the deed from plaintiff to Smith and Moore, dated February 25, 1893, and the fact that no cutting was

commenced until March 29, 1905. The effective words of the instrument as to the interest conveyed are as follows: "Do give, grant, bargain, sell and convey unto the said parties of the second part, their heirs, executors, administrators and assigns, all the timber of every kind and description of and above the size of 12 inches in diameter at the base, two feet above the ground, when the same is cut, now standing or growing, or which may be standing or on the herein described land during the period of fifteen years from and after the time when said parties of the second part, their heirs, executors, administrators and assigns shall begin to cut and remove said timber, and commence to manufacture the same into wood or lumber, and the time in which to begin to cut and remove said timber shall be and is not limited: To have and to hold said timber as specified and described, together with all the privileges and rights of way hereinafter granted unto the said parties of the second part, their heirs, executors, administrators and assigns; and the parties of the first part hereby grant and assure unto the parties of the second part, their heirs, executors, administrators and assigns, the full term of fifteen years as above set forth within which to cut and remove the timber herein conveyed, with the exclusive privilege of entering upon said land with servants and tenants for the purpose of removing the same."

It is an established principle in this State that growing timber is a part of the realty, and deeds and contracts concerning it are governed by the laws applicable to that kind of property. *Mizell v. Burnett,* 49 N. C., 249; *Moring v. Ward,* 50 N. C., 272; *Mizzell v. Ruffin,* 118 N. C., 69.

The true construction of this instrument now before the court is that the same conveys a present estate of absolute ownership in the timber, defeasible as to all timber not removed within the time repuired by the terms of the deed. *White v. Foster,* 102 Mass., 375, 378; *Moring v. Ward,* 50 N. C., 273; *Bunch v. Lumber Co.,* 134 N. C., 116. A con-

struction substantially similar has been placed on such deeds in the large timber growing States where contracts of this character are not infrequent. *Strasson v. Montgomery,* 32 Wis., 52; *Williams v. Flood,* 63 Mich., 487; *McCumber v. Railroad,* 108 Mich., 491.

In *Williams v. Flood, supra, Campbell, C. J.,* delivering the opinion, says: "It is not very important to discuss the exact nature of the plaintiff's rights under the written contract. Whatever they were, they included an absolute sale of all the timber described, subject only to such qualifications of the right of removal as the contract mentions. At most, this condition would only operate by way of forfeiture. The timber had all been paid for and all belonged to the plaintiff unless lost by forfeiture for nonremoval." In *McCumber's case, supra,* it is said that "the title to the timber remaining uncut at the expiration of the time limited, reverts to the owner." And *Walker, J.,* in *Bunch's case, supra,* says that "At the expiration of that time, the estate in so much of the timber as had not been cut and removed would revert to the vendor, or at least the timber would become his absolute property."

In the deed now before the court, the time fixed for the forfeiture is thus set forth: "All the timber now standing, or which may be standing on said lands during the period of fifteen years from and after the time when said parties of the second part, their heirs or assigns, shall begin to cut and remove said timber, and the time in which to begin to cut and remove said timber is not limited." A proper construction of the first part of this clause, as intimated in *Bunch's case, supra,* would fix the date of forfeiture at fifteen years from the time of commencing to cut, allowing a reasonable time to begin such cutting, and granting in any event the full term of fifteen years from the execution of the deed. By the last part of the clause, the time allowed for removal is indefinite and unlimited.

In the opinion of the court, this latter part of the stipulation as to the time should be rejected because it is indefinite and repugnant to the first, and, again, because it is contrary to the intent and purpose of the parties as indicated by the entire instrument.

In Devlin on Deeds, section 838c, it is said that "The whole object is to construe the deed so as to give effect to it if possible, as a conveyance, and clauses which are repugnant to the general intent of the deed must be declared void," citing to the same effect *Wilcoxon v. Sprague,* 51 Cal., 640. See also *Proctor v. Pool,* 15 N. C., 371.

In a subsequent clause of the deed, reference is again made to the time of forfeiture, as follows: "And the parties of the first part hereby grant and assure unto the said parties of the second part, their heirs, executors, administrators and assigns, the full term of fifteen years as above set forth, within which to cut and remove the timber hereby conveyed." And the entire language and purport of the deed indicate a purpose and intent of the parties that the time allowed for removal shall not be unlimited, but that the correct interpretation requires that the time is governed by the first and more definite stipulation of fifteen years, allowing a reasonable time to commence the cutting, and granting in any event the full term of fifteen years from the execution of the instrument. This deed of the plaintiff, conveying the timber, bears date February 25, 1893, and the parties have at least the full term of fifteen years within which to remove the timber bought by them, and which fills the description in the deed. Decisions on questions somewhat similar will be found in *Brown v. Carmichael,* 97 Ga., 487; *Baxter v. Mallux,* 106 Ga., 345.

The court is referred to *Mfg. Co. v. Hobbs,* 128 N. C., 46. There is no doubt about the decision in the *Hobbs case* being correct. The limit stated in that case was five years from the time the cutting should commence, and the grantees

had commenced thirteen years from the execution of the contract—eight years beyond the time stipulated. The right of the grantee there was five years, the time stipulated, allowing a reasonable time to begin.

Under the facts and circumstances of the *Hobbs case,* the court very properly held that the time of commencing was unreasonable, and, being eight years beyond the stipulated period, the rights of the parties under the contract had determined. But the opinion errs in holding that the deed was void. This conclusion was predicated on the assumption that the instrument in question was a lease and had no certain or definite beginning. As we have endeavored to show, this is not a lease, certainly not of the timber, but an absolute sale.

As stated by *Justice Walker* in *Bunch's case, supra:* "While some of the cases in this and other States liken a contract of the kind we are construing to a lease, it may be true that it should not be technically so construed, but that it should be regarded as a conveyance of the timber, or an interest or estate in the timber, upon condition that if it is not cut and removed within a given time, the interest or estate so conveyed shall revest in or revert to the grantor." There is also an intimation in *Moring v. Ward, supra,* that such an instrument is a lease. The point before the court in that case, however, was whether the contract was an estate or a license, and it was determined that the instrument conveyed a present estate. The character of the estate was not the question decided. Even if this were a lease, it would not be void.

In the *Bishop of Bath's case,* 6 Coke Rep., 36, Library Ed., volume 3, page 325, it is said: "A lease was made to A and B for sixty years, with a clause of re-entry immediately after the deaths of A and B, and of the longer liver of them within the term. After the death of A within the term, another lease of the same sort was made to C, *habendum et occupan-*

HAWKINS *v.* LUMBER CO.

*dum,* when the former lease shall determine, after or by the death, surrender or forfeiture of the said deed." And it was there resolved that: "While every lease for years ought to have a certain beginning, but that is to be intended when it is to take effect in interest or possession, then the commencement ought to be certain; for a lease for years may be made on a condition or contingent precedent, as if I grant to you that if you pay me twenty pounds at Michaelmas next following, that you shall have my manor of D for one and twenty years; now it is uncertain whether it will commence or not, and in the meantime, till the payment of the money, it is not any lease, but it is sufficient that the commencement be certain when it is to take effect in interest or possession. So it is true that the continuance of it ought to be certain; but that is to be intended either when the term is made certain by express numbering of years, or by reference to a certainty, or by reducing it to a certainty by matter *ex post facto,* or by construction in law by express limitation."

In this case, a present estate passed at the execution of the grant, and when the entry was made to begin cutting, which is required to be in a reasonable time, the ending was fixed at the definite term of fifteen years. The court is of opinion that on the evidence offered, the injunction should have been dissolved, and there was error in continuing the same to the hearing.

It will be noted that the only question presented on the hearing was on the construction of the plaintiff's deed. There is an allegation in the pleadings that the deed was procured by fraud and misrepresentation. No testimony was offered, nor was the cause considered in that aspect. And this decision is without prejudice to the right of the plaintiff to renew his motion for injunction on presenting testimony making out probable ground of fraud.

Error.