W. H. HUGGINS v. T. N. WATERS, F. K. BORDEN, ET AL.

(Filed 29 March, 1911.)

1. Lands—Lessor and Lessee—Hotel—Sewerage—Quiet Enjoyment —Implied Covenant.

A lease of a hotel equipped with bath tubs, closets, etc., in a city with a sewerage system, etc., carries with it an implied covenant of quiet enjoyment extending to a proper sewerage connection during the term of the lease, unless the lessee has taken the property with notice or knowledge that it was otherwise.

2. Lands—Leases—Quiet Enjoyment—Covenant—Trespasser.

A covenant of quiet enjoyment implied from a lease of lands, etc., does not extend to acts of trespassers or wrongdoers, but only to those whose rights are superior to the lessor.

3. Same—Pleadings—Inconsistent Pleas—Election—Procedure.

The plaintiff leased a hotel equipped with baths, closets, etc., working with sewerage connections in a city having a sewerage system, and, having entered into possession, found that the sewer connected with the hotel was a private one traversing the lands of an adjoining owner. In an action against his lessor and the adjoining owner he alleged, as to the former, a breach of an implied covenant of quiet enjoyment, and that the latter maliciously, wantonly, and wrongfully stopped up the sewer pipe, to his damage, etc. The cause of action as to both defendants being damages arising from stopping the sewer: *Held*, (1) the wrongful acts alleged as against the adjoining owner were those of trespass or wrongdoing, and inconsistent with the allegations of breach of covenant on the part of the lessor; (2) the action was remanded to the Superior Court so that the plaintiff may elect the cause of action he will prosecute, and amend his complaint accordingly.

APPEAL from *Cook, J.,* at September Term, 1910, of WAYNE.

Civil action for damages. At the conclusion of the evidence the court sustained a motion to nonsuit, and plaintiff appealed.

In this Court plaintiff's counsel entered a *nolle prosequi* as to defendant, the city of Goldsboro.

The facts are sufficiently stated in the opinion of the Court by *Mr. Justice Brown.* ＼

*George E. Hood, H. L. Stevens, W. S. O'B. Robinson, and J. M. Robinson for plaintiff.*

*W. W. Pierce and W. T. Dortch for defendant Waters.*

*D. C. Humphrey for City of Goldsboro.*

*F. B. Daniels and Aycock & Winston for Borden.*

BROWN, J. The facts as stated in the plaintiff's brief and upon which he relies are as follows: The plaintiff leased from the defendant Waters a certain hotel building in the city of Goldsboro. for a period of five years. At the time of the lease, said building was equipped with bath tubs, sinks, and water-closets, and was apparently connected with the sewerage system of the city of Goldsboro. The plaintiff entered and took possession under his lease, furnished the hotel and opened it to the public, who patronized it generously. Subsequently, it was discovered that the sewerage system of the hotel was not connected with the city sewerage, but with a private drain pipe.

The defendant Borden cut the drain pipe and cemented it up, thus making it necessary to discontinue the use of the sewerage system of the hotel, and thereby rendering the building itself useless for the purpose of a hotel.

The plaintiff seeks to recover of the defendant Waters, upon the theory:

1. That there was an implied covenant upon the part of the lessor Waters that the building leased was suitable for the purposes of a hotel, and that the sewerage, being a necessary adjunct of the hotel, was the property of the lessor, and that the lessee had the right to continue its use.

2. That there was a breach of the implied covenant of quiet enjoyment.

3. That the lessor wrongfully failed to apprise the plaintiff of any defect in the right to use the sewerage connection.

It is alleged, and evidence offered by plaintiff tending to prove, that at the time Waters leased the hotel building to the plaintiff Huggins it was fitted up with bath tubs, sinks, and closets, and the sewerage thereof was connected with a private drain pipe running through the lands of F. K. Borden, and that plaintiff had a right to believe that the lessor had good right and title to drain the sewage from the hotel through said private drain.

Upon this theory it would seem to be settled that plaintiff has made out a cause of action against Waters, unless the latter can establish the allegation of his answer, that he apprised plaintiff at the time of the lease that he had no legal right to sewerage through this private drain, or establishes some other valid defense.

The implied covenant of quiet enjoyment extends to those easements and appurtenances whose use is necessary and essential to the enjoyment of the demised premises. It has been extended to the case of light and air. *Case v. Minot,* 158 Mass., 677; *Darnell v. Columbus Showcase Co.,* 13 L. R. A. (N. S.), 333; *Jackson v. Paterno,* 108 N. Y. Sup., 1073; 24 Cyc., 1046.

But the plaintiff has embodied in his complaint an allegation that is destructive of the above cause of action, to wit, that the defendant Borden maliciously, wrongfully, wantonly, and unlawfully severed and stopped up effectually the drainage aforesaid "so that the sewage from the hotel sinks, bath tubs, closets, etc., could not pass through said drain pipe and out into the basin."

Plaintiff offers evidence which, it is claimed, tends to prove this allegation. Dismissing the theory of a conspiracy between these several defendants, to support which there is not a shred of proof, it is manifest that the alleged cause of action against Borden is destructive of the alleged cause of action against Waters.

If Borden acted wrongfully and illegally, he was a trespasser, and the implied covenant of quiet enjoyment of a lessor

does not extend to the acts of trespassers and wrongdoers, but only to those whose rights are superior to the lessor. *Sloan v. Hart,* 150 N. C., 274; *King v. Reynolds,* 67 Ala., 233.

It necessarily follows that if Borden's acts were wrongful, there has been no breach of the implied covenant upon the part of Waters. If Borden's acts were rightful, then there has been a breach of such covenant, unless the lessor Waters can make out a valid defense to that cause of action.

These two causes of action are inconsistent, and, as said by *Mr. Justice Walker* in *Parker v. Ins. Co.,* "The one necessarily excludes the other, and in the sense that an election must be made between them." 143 N. C., 343.

In this condition of the pleadings and proofs, in the exercise of our discretion, we will remand the cause, to the end that the plaintiff may elect as to which cause of action he will prosecute and may reform his complaint accordingly.

Let one-half of all the costs of this appeal be taxed against plaintiff and one-half against the defendants Waters and Borden.

Remanded.