CAROLINA HELICOPTER CORPORATION v. CUTTER REALTY COM-
PANY, INC..

(Filed 16 December 1964.)

**1. Landlord and Tenant § 2—**

A lease for a term of years is a contract by which one party agrees for
a valuable consideration to let another have the occupation and profits of
land for a definite time.

**2. Same; Frauds, Statute of § 6a—**

A lease for one year need not be in writing. G.S. 22-2.

**3. Landlord and Tenant § 2—**

The requirement that the term of a lease have a definite commencement
date and duration is subject to the rule that that is certain which is cap-
able of being made certain, and the parties to a lease may provide that the
specified term of a lease should commence upon the happening of a subse-

quent contingency, and such agreement creates a valid lease provided the contingency occurs within a reasonable time after the execution of the contract.

**4. Same—**

An agreement to give lessee one year's use, rent free, of defendant's roof for a heliport upon condition that lessee secure necessary governmental approval for the establishment and operation of the port and secure for use in the proposed helicopter taxi service a helicopter and other necessary equipment, the year's use to begin upon plaintiff's performing the acts stipulated, *held* not void for uncertainty as to the commencement of the term, lessee having performed the stipulated acts within one year of the execution of the agreement.

**5. Same—**

The essentials of a lease are parties lessor and lessee, the real estate demised, the term of the lease and the consideration, and a complaint alleging these essentials is not subject to demurrer for its failure to allege agreement as to every element incidental to the occupancy and enjoyment of the premises.

**6. Same— Lease agreement for use of roof as heliport held not void for indefiniteness.**

A complaint alleging an agreement to give lessee one year's use, rent free, of defendant's roof for a heliport upon condition that lessee secure necessary governmental approval for the establishment and operation of the port and secure for use in the proposed helicopter taxi service a helicopter and other equipment, the year's use to begin upon plaintiff's performing the acts stipulated, and alleging that lessor agreed to fill out such governmental forms as might be required of it as owner, *held* not void for failure of the agreement to provide the extent of lessee's access to the roof, or for other matters incidental to the use and occupancy of the property in the proposed business.

**7. Landlord and Tenant § 5—**

A lease includes an implied covenant of quiet enjoyment, which extends to those easements and appurtenances whose use is necessary and essential to the enjoyment of the leased premises.

**8. Same—**

Lessee is under no duty to the lessor to insure the demised premises and lessor is under no obligation to provide liability insurance covering the operation by lessee of its separate business on the leased premises.

**9. Same—**

Municipal and governmental regulations applicable to the use and operation of lessee's business become a part of the lease contract.

**10. Pleadings § 12—**

A demurrer admits for its purpose the facts alleged in the complaint and reasonable inferences therefrom, and a demurrer may not invoke matters not appearing on the face of the pleading.

**11. Same—**

Upon demurrer, a complaint will be liberally construed with a view to substantial justice between the parties, and the demurrer will be overruled if the complaint in any portion or to any extent states facts sufficient to constitute a cause of action, giving the pleader the benefit of every reasonable intendment and presumption.

**12. Contracts § 4—**

Consideration necessary to support a simple contract may consist of some benefit or advantage to the promisor or some detriment to the promisee.

**13. Landlord and Tenant § 2—**

The lessee's expenditure of time and money in securing governmental approval for the use of the leased premises as a heliport and the rental of a helicopter for use in the lessee's proposed helicopter taxi service, in reliance upon lessor's promise to lease the roof of its building for a heliport, is sufficient consideration for lessor's promise, even though the use is to be rent free.

**14. Quasi-Contracts § 1—**

Where the offeree has performed a part of the service specified in the offer and is prevented by the offerer from completing the service, offeree is entitled at least to a compensation on a *quantum meruit.*

**15. Contracts § 21—**

Where there are mutually dependent stipulations in a contract constituting mutual considerations, if defendant's conduct is such as to prevent full performance on the part of the plaintiff, the latter may hold the contract as abandoned by defendant and sue to recover damages for what he has done and his losses occasioned by the default of defendant.

**16. Contracts § 25;   Quasi-Contracts § 2—**

Where defendant declares on a special contract to pay for services rendered and fails to establish the special contract, he may go to the jury on *quantum meruit* if he alleges and proves defendant's knowing acceptance of the services performed in reliance on defendant's promise.

**17. Quasi-Contracts § 2—   Complaint held to allege cause of action on quantum meruit.**

Allegations and evidence to the effect that defendant prepared the roof of its building for a heliport and made strenuous effort to secure approval by the government for the operation of the heliport, that thereafter defendant agreed to allow plaintiff the use of the roof, rent free, for a period of one year if plaintiff would obtain such governmental approval and that defendant would execute all papers necessary under governmental regulations required of it as owner for the operation of the heliport, that plaintiff, in reliance on the promise, went to great expense and time in procuring governmental approval, and that defendant then refused to execute the necessary forms, *held* sufficient to state a cause of action on *quantum meruit.*

**18. Courts § 9—**

The sustaining of a demurrer with leave to amend cannot preclude another Superior Court judge from thereafter overruling demurrer to the amended pleading when the amendment adds allegations of fact essential or relevant to the causes of action alleged.

APPEAL by plaintiff from *Riddle, S. J.,* April 20, 1964, "D" Session of MECKLENBURG.

Plaintiff instituted this action to recover damages for breach of contract or, in the alternative, to recover on *quantum meruit* for services rendered.

Defendant demurred to the original complaint on the grounds, among others, (1) that the facts alleged were too indefinite, uncertain and incomplete in material particulars to show the existence of a contract, and (2) the alleged services were of no value or benefit to defendant and the allegations with respect thereto would not support a recovery on *quantum meruit.* The demurrer was sustained on these grounds by Brock, S. J., in February 1964, and plaintiff was granted leave to amend.

The complaint, as amended, is summarized, except where set out verbatim, as follows:

(1) First cause of action.

Plaintiff is in the business of transporting passengers by helicopter for hire. Defendant owns and manages an office building at 201 South Tryon Street, Charlotte, N. C., the roof of the building was constructed in such way and manner as to make it suitable for a helicopter port. At the invitation and request of defendant, plaintiff had the roof examined and determined that it is feasible to use it for the operation of a helicopter taxi service. On or about 1 February 1963, as a result of plaintiff's study and findings, defendant, through its authorized officers and agents, "offered to the plaintiff that if the plaintiff would secure necessary United States of America governmental approval for the establishment and operation of the helicopter taxi service between the roof of defendant's building and the Douglas Municipal Airport, and would secure for use in such service the necessary helicopter and other equipment, the defendant would give the plaintiff corporation one year's use, rent free, said year's use of said roof to begin upon plaintiff performing the aforesaid acts, and exclusive possession of the roof of said building for the said helicopter service, defendant agreeing to fill out such government forms as might be required of it as owner. . . . acting on the above-described offer of the defendant to the plaintiff and as acceptance of said offer and at the expenditure of great

time, effort, and the incurring of great expenses, all to the knowledge of the defendant, and within the reasonable contemplation of the parties, the plaintiff by and through its said efforts and expense secured the necessary United States of America governmental approval for the operation of said heliport and service from the roof of defendant's building, subject to the condition subsequent that the defendant make application for the operation of said heliport on forms of the United States Government which were provided to the defendant from said government through the agency of the plaintiff, said governmental authority to operate having already been given as result of plaintiff's work and expense, and that at great expense, and the expenditure of many hours of work and effort, the plaintiff secured the necessary helicopter to operate said service." Defendant refused to submit the forms to the appropriate U. S. Government agency and denied to plaintiff the right to come on the roof and begin the taxi service. Plaintiff was then and still is ready, able and willing to discharge its obligations under the agreement. Plaintiff seeks to recover special damages for specified work and labor performed and expenses incurred in obtaining government approval for use of the roof as a helicopter port, and rental expenses incurred in procuring a proper helicopter.

(2)　Second cause of action.

Plaintiff reiterates the facts alleged in the first cause of action, and states additionally that prior to December 1962 defendant had worked for 1½ years, at great expense, in an effort to secure approval by the U. S. Government of the use of the roof as a "heliport" but had failed, that as a result of plaintiff's work and expenditures, performed and made at the insistence of defendant, such approval had been obtained, and that plaintiff is entitled to recover the value of its work, services and expenditures.

Defendant again demurred and on the same grounds as before. The demurrer was sustained. Plaintiff appeals.

*Richard M. Welling for plaintiff.*

*Grier, Parker, Poe & Thompson and James Y. Preston for defendant.*

MOORE, J. Plaintiff seeks to recover special damages for a breach of an alleged contract, to wit, a parol lease of the roof of defendant's building for a term of one year.

A lease for a term of years is a contract, by which one agrees, for a valuable consideration, to let another have the occupation and profits

of land for a definite time. *Moring v. Ward,* 50 N.C. 272. A lease for one year need not be in writing. G.S. 22-2; *Moche v. Leno,* 227 N.C. 159, 41 S.E. 2d 369.

Defendant contends that the alleged lease, if otherwise valid, is void for uncertainty as to the commencement of the term. "It is a cardinal principle in the creation of terms for years that the term must be certain, that is, there must be certainty as to the commencement and duration of the term." 32 Am. Jur., Landlord and Tenant, § 62, p. 77. Plaintiff alleges that the term was to begin when plaintiff secured permission for use of the roof for operation of a helicopter taxi service, and secured a proper helicopter and necessary equipment for the operation of the service. Defendant insists that this provision is too indefinite.

Defendant relies on *Manufacturing Co. v. Hobbs,* 128 N.C. 46, 38 S.E. 26, which involved a conveyance of timber with a period of five years for cutting and removing logs from the land of defendant, the term "to commence from the time . . . party of the second part (plaintiff) begins to manufacture said lumber (timber) into wood or lumber." The Court said: "The contract may be treated as a lease, or a term for years, . . . An indispensable legal requirement to the creation of a lease for a term of years is that it shall have a certain beginning and a certain end. . . . That act on the part of plaintiff may never take place; it is entirely uncertain. . . . If the doctrine of reasonable time could be involved in this case, the plaintiff would be in no better condition than he now occupies. . . . the contract (was) made 13 years ago. . . ."

However, the *Hobbs* case has been criticized and overruled, except as to the result reached. *Hawkins v. Lumber Co.,* 139 N.C. 160, 165, 51 S.E. 852. In the *Hawkins* case the Court said: "Under the facts and circumstances of the *Hobbs* Case, the court very properly held that the time of commencing was unreasonable, and, being eight years beyond the stipulated period, the rights of the parties under the contract had determined. But the opinion errs in holding the deed was void. This conclusion was predicated on the assumption that the instrument in question was a lease and had no certain or definite beginning." The Court concluded that even if it were a lease, it would not be void. There is an extended quotation from Lord Coke, stating that "a lease for years may be made on a condition or contingent precedent," and that the term of a lease may be made certain "by reducing it to a certainty by matter *ex post facto.*"

As to the proposition of indefiniteness, *Hobbs* furnishes no authoritative holding. It stands only for the proposition that the lessee or

grantee did not act within a reasonable time. In the case at bar plaintiff alleges that the agreement was made about 1 February 1963, and it had performed the acts necessary to fix the commencement of the one year term prior to 5 March 1964 — the date of the institution of this action.

"The general rule that a thing is certain which is capable of being made certain, *id certum est quod certum reddi potest,* is applied to leases for a term of years." 32 Am. Jur., Landlord and Tenant, § 62, p. 78. ". . . a lease may provide that the term is to commence on the happening of a stated event, with the result that *after the occurrence of the event all uncertainty is removed and the lease is valid and binding,* but if the event on which the commencement of the term is clearly conditional does not occur no tenancy commences." (Emphasis added). 51 C.J.S., Landlord and Tenant, § 28, pp. 534, 535. For cases involving leases to commence in the future, upon the happening of specified events, see: *Oldfield v. Angeles Brewing & Malting Co.,* 113 P. 630 (Wash. 1911); *Fanta v. Maddex,* 252 P. 630 (Cal. 1926); *Imperial Water Co. No. 8 v. Cameron,* 228 P. 678 (Cal. 1924); *De Pauw University v. United Electric Coal Companies,* 20 N.E. 2d 146 (Ill. 1936); *Wunsch v. Donnelly,* 19 N.E. 2d 70 (Mass. 1939); *Pfeiffenberger v. Scott's Cleaning Co.,* 144 S.E. 2d 183 (Mo. 1940).

Plaintiff performed all acts necessary on its part to make certain the commencement of the term. Defendant's contention that the commencement of the term is so indefinite as to render the lease void is not sustained.

Defendant contends further that the facts alleged do not constitute a contract or an agreement to make a contract for that it appears that other material terms, not agreed upon, were contemplated by the parties. Defendant suggests that there was no meeting of the minds with respect to the following: (1) how the roof was to be prepared for use as a "heliport" and who was to bear the expense thereof; (2) how extensive the service was to be and the number of helicopters to be used; (3) what means of access to the roof would be established; (4) what arrangements would be made for fire protection and who was to furnish the equipment; (5) who was to provide fire and liability insurance and in what amounts; (6) what maintenance and personnel to be provided to accommodate the service; (7) whether service was to be continuous or only a daytime operation; (8) who was to obtain permission from the City of Charlotte for operation of the service; and (9) what type of approval is available from the Federal Aviation Authority, that is, blanket or qualified authority.

This contention is in the nature of a speaking demurrer. For the purposes of the demurrer the facts alleged and reasonable inferences to be drawn therefrom are deemed admitted. *Copple v. Warner,* 260 N.C. 727, 133 S.E. 2d 641. Grounds for demurrer may not invoke matters not appearing on the face of the complaint. *Construction Company v. Electrical Workers Union,* 246 N.C. 481, 98 S.E. 2d 852. The essentials of a lease are parties (lessor and lessee), the real estate demised, the term of the lease, and the consideration or rent. 32 Am. Jur., Landlord and Tenant, § 2, pp. 27-29. The complaint sets out these essentials. Of course a lease may contain other terms, but for the purpose of testing the complaint by demurrer they must appear from the facts pleaded either expressly or by necessary implication. "The complaint is not to be overthrown by demurrer, if in any portion or to any extent, it states facts sufficient to constitute a cause of action. . . . It must be fatally defective before it is rejected as insufficient. . . . 'upon examination of a pleading to determine its sufficiency as against a demurrer, its allegations will be liberally construed with a view to substantial justice, C.S., 535 — G.S. 1-151 — and every reasonable intendment and presumption will be given the pleader, and the demurrer overruled unless the pleading is wholly insufficient.' " *Sandlin v. Yancey,* 224 N.C. 519, 521, 31 S.E. 2d 532. "In considering the expressions of agreement, the court must not hold the parties to some impossible, or ideal or unusual standard. It must take language as it is and people as they are. All agreements have some degree of indefiniteness and some degree of uncertainty." Corbin on Contracts, Vol. 1, p. 396.

A lease includes the implied covenant of quiet enjoyment, which extends to those easements and appurtenances whose use is necessary and essential to the enjoyment of the leased premises. *Manufacturing Co. v. Gable,* 246 N.C. 1, 97 S.E. 2d 672; *Huggins v. Waters,* 154 N.C. 443, 70 S.E. 842; 32 Am. Jur., Landlord and Tenant, § 169, pp. 163-165. This extends to the right of access and exit, including the use of steps, halls, stairways and elevators. 32 Am. Jur., Landlord and Tenant, §§ 170, 172, pp. 165-167. In the absence of some covenant or agreement to that effect, a lessee is under no duty to the lessor to insure the demised premises. *Ibid.,* § 183, p. 174. Likewise, the lessor is under no obligation to provide liability insurance covering the operation by lessee of its separate business on or from the leased property. It does not appear from the pleadings that there are any city ordinances requiring fire extinguishing equipment or special city license for the operation of the business proposed. If there are such they become a part of the contract according to their provisions. 1 Strong: N. C. Index, Contracts, § 1, pp. 571, 572. According to the complaint, the heli-

copter service was to be operated and managed by plaintiff. The extent of its services and the details of the operation are matters to be determined by it. The only requirement is that it provide a helicopter and necessary equipment and render service.

Defendant's contention that the complaint shows the parties had not agreed on some of the material terms of the contract is not sustained.

There is sufficient allegation of consideration. "It may be stated as a general rule that 'consideration' in the sense the term is used in legal parlance, as affecting the enforceability of simple contracts, consists of some benefit or advantage to the promisor, *or* some loss or detriment to the promisee. *Exum v. Lynch,* 188 N.C. 392, 125 S.E. 15; *Cherokee County v. Meroney,* 173 N.C. 653, 92 S.E. 616; *Institute v. Mebane,* 165 N.C. 644, 81 S.E. 1020; *Findly v. Ray,* 50 N.C. 125. It has been held that 'there is a consideration if the promisee, in return for the promise, does anything legal which he is not bound to do, or refrains from doing anything which he has a right to do, whether there is any actual loss or detriment to him or actual benefit to the promisor or not.' 17 C.J.S. 426. *Spencer v. Bynum,* 169 N.C. 119, 85 S.E. 216; *Basketeria Stores v. Indemnity Co.,* 204 N.C. 537, 168 S.E. 822; *Grubb v. Motor Co.,* 209 N.C. 88,183 S.E. 730." *Stonestreet v. Oil Co.,* 226 N.C. 261, 37 S.E. 2d 676; *Bank v. Harrington,* 205 N.C. 244, 170 S.E. 916.

Plaintiff incurred large expenses and caused its officers and agents to expend much time and effort in securing government approval for the use of the roof as a "heliport," and additionally rented a helicopter, all on account of defendant's promise. An agreement by which one party is subjected to trouble, loss or inconvenience, is not a *nudum pactum. Findly v. Ray, supra.*

This brings us to the second cause of action — on *quantum meruit.* The following principles are applicable to the pleadings.

(1)   When the offeree has performed a part of the service specified in the offer and is prevented by the offerer from completing the service, offeree is entitled at least to a compensation on a *quantum meruit. Roberts v. Mills,* 184 N.C. 406, 114 S.E. 530. Defendant refused in the case at bar to fill in the appropriate forms and submit them to the proper government agency for final consummation of government approval of the roof for helicopter taxi service, and also denied plaintiff entry to and use of the roof for establishment of the service. Defendant prevented plaintiff from fully performing.

(2)   Where there are mutually dependent stipulations in a contract constituting mutual considerations, if defendant's conduct is such as to prevent full performance on the part of the plaintiff, the latter may

hold the contract as abandoned by defendant and sue to recover damages for what he has done and his losses occasioned by the default of defendant.

(3)   Where plaintiff declares on a special contract to pay for services rendered, alleges and proves acceptance of services and the value thereof, and fails to establish the special contract, he may go to the jury on *quantum meruit. Allen v. Seay,* 248 N.C. 321, 103 S.E. 2d 332; *Stokes v. Taylor,* 104 N.C. 394, 10 S.E. 566. If there is no contract, defendant does not have to accept the services. *Thormer v. Mail Order Co.,* 241 N.C. 249, 85 S.E. 2d 140. "If there is a liability to pay for a partial performance which has not been beneficial to defendant, it is not on the ground of any promise which the law would imply, but is founded solely on the special contract between the parties." 17A C.J.S., Contracts, § 511, p. 831. Defendant insists that the complaint shows that it did not accept the services alleged and was not benefitted thereby. The jury may find this to be true, if it also finds that there was no contract, but it is not established by the complaint as a matter of law. Defendant at great expense constructed the roof of the building so that it was suitable for use as a "heliport," and prior to December 1962 (before negotiating with and making the offer to plaintiff) tried for a year and a half to obtain government approval of the roof as a "heliport" and failed. At defendant's insistence and to its knowledge, plaintiff at great effort and expense obtained the approval. Notwithstanding defendant's refusal to fill in and submit the forms, it may be reasonably inferred its purpose was to avoid its responsibility to plaintiff and retain the benefits of the service for use after termination of this litigation. It may also be inferred that defendant considered the services beneficial inasmuch as it prepared the roof for helicopter taxi service and made a strenuous effort to secure its approval before plaintiff came into the picture.

The complaint may allege an express contract or the allegations may be so general as to allow a recovery either upon the express contract or an implied contract. This type of pleading is tolerated but not approved. The orderly method of pleading is to state the express contract and the implied contract separately, or to state the express contract as an inducement or explanation of the implied contract and that defendant received the benefits. *Yates v. Body Co.,* 258 N.C. 16, 128 S.E. 2d 11; *Thormer v. Mail Order Co., supra.* Where the complaint pleads both an express contract and an implied contract and there is evidence to support both theories, issues should be submitted to the jury as to both. *Yates v. Body Co., supra.*

It is suggested that plaintiff has no right to appeal in this case. When the court sustained the demurrer to the original complaint it granted plaintiff leave to amend. Plaintiff noted an exception to the ruling on the demurrer, did not then appeal, but elected to amend. It is defendant's position that plaintiff thereby became bound by the ruling that the original complaint failed to state a cause of action, and that Judge Riddle was bound to sustain the demurrer to the amended complaint "in the absence of additional allegations changing the legal effect of those contained in the original complaint." We pass the question of the effect of plaintiff's failure to immediately appeal upon the sustaining of the demurrer to the original complaint. There are material allegations in the amended complaint which do not appear in the original complaint. (1) The time of beginning of the one year term. (2) Defendant's agreement "to fill out such government forms as might be required of it as owner." (3) Defendant's attempt prior to December 1962 to gain government approval of its roof for use as a "heliport," without success. The absence of (1) and (2) from the original complaint was fatal to the cause of action for breach of contract and to some phases of the action on *quantum meruit.* The presence of (3) adds support to the action on *quantum meruit* as to acceptance and benefit.

The judgment appealed from is

Reversed.