Robert H. GEBHART and Lois V. Gebhart, Plaintiffs and Appellees,

v.

S. Paul HUFFMAN and Gwendolyn A. Huffman, Defendants and Appellants.

No. 13648.

Supreme Court of South Dakota.

Submitted on Briefs Oct. 15, 1982.

Decided Dec. 1, 1982.

Donald J. Coleman, Dupree, for plaintiffs and appellees.

Andrew Aberle of Aberle & Arendt, Timber Lake, for defendants and appellants.

FOSHEIM, Chief Justice.

On June 9, 1979, S. Paul Huffman and Gwendolyn A. Huffman (appellants) and Robert H. Gebhart and Lois V. Gebhart (appellees) entered into a "Lease and Option to Purchase" agreement. Appellants took possession pursuant to that agreement, and on September 10, 1979, a strong wind totally destroyed two buildings on the premises. Appellee's complaint claimed damages based on the insurance requirements of the written contract. Judgment was entered for appellees in the sum of $18,200.00 plus interest and costs. Appellants appeal from that judgment. We reverse.

The lease and option agreement consisted of two parts: (1) a lease for a period ending March 31, 1980; and (2) an option to purchase which also expired March 31, 1980. At the time of the loss appellants were occupying the premises under the lease portion of the agreement which provides:

Huffman agrees to indemnify and hold Gebhart and the property of Gebhart, including the premises, free and harmless from any and all claims, liability, loss or damage, and shall secure appropriate general liability insurance naming Gebhart as a named insured.

The option to purchase portion of the agreement specified the price and terms of sale and required a notice of intent to exercise the option. It also contained this further insurance provision.

Huffman agrees to keep the improvements situated on the above described property insured in a sum sufficient to cover Gebhart's interest against fire, wind, lightning and extended coverage in a company satisfactory to Gebhart with loss payable clause to Gebhart in such amount as their interest therein appears and to place a copy of said policy in escrow with the escrow agent named herein. Huffman further agrees to indemnify and hold Gebhart free and harmless from any and all claims, liability, loss or damage, and shall maintain general liability insurance naming Gebhart as a named insured and to place a copy of said policy in escrow with the escrow agent herein named.

Appellants base their claim entirely on the insurance requirements contained under the option portion of the agreement.

The language of the wind insurance provision in the option portion of the contract presumes an exercised option which has ripened beyond a leasehold interest. It requires a loss payable clause as the interests of the parties appear at the time of any loss. If appellants elected to purchase, the insurance coverage papers along with the deed and abstract of title were to be placed in escrow with the named escrow agent. The option to purchase was never exercised. It is apparent from the agreement that the fire, wind, lightning and extended insurance coverage was not to become operative until and unless appellants exercised their option to purchase. Since appellants were in possession as lessees at the time of the loss, their expressed responsibility was limited to liability insurance with appellees as the named insured.

In the absence of an express agreement, there is no implied obligation or covenant on the part of a tenant to insure the leased premises. *Alexander v. Security-First National Bank of Los Angeles,* 7 C.2d 718, 62 P.2d 735 (1936); *Carolina Helicopter Corporation v. Cutter Realty Company, Inc.,* 263 N.C. 139, 139 S.E.2d 362 (1964); *Yoshida v. Security Insurance Company of New Haven, Conn.,* 145 Or. 325, 26 P.2d 1082 (1933); 49 Am.Jur.2d *Landlord and Tenant* § 272 (1970). The landlord, and not the lessee, is liable for taxes, insurance or interest on encumbrances unless such liability forms the subject of an express stipulation. *Hart v. Hart,* 117 Wis. 639, 94 N.W. 890 (1903). Appellants had no implied obligation as lessees to insure the building against loss by wind.

In view of this conclusion, we need not address the remaining issues urged by appellant.

The judgment is reversed.

All the Justices concur.