### J. C. McCASKILL v. SARAH E. WALKER.

(Filed 16 October, 1907).

**Title—Adverse Possession—Evidence—Questions for Court.**

> Evidence of title by adverse possession to woodland is not sufficiently definite, certain and exclusive to justify a court in holding, as a matter of law, that such title is established by both the plaintiff's and defendant's getting wood and straw therefrom for twenty years.

CIVIL ACTION to recover possession of land, tried before *Webb, J.,* and a jury, at April Term, 1907, of the Superior Court of Robeson County.

At the conclusion of plaintiff's ·evidence, upon motion of defendant, his Honor nonsuited the plaintiff, who appealed.

*McIntyre & Lawrence* and *J. D. Proctor* for plaintiff.
*R. H. Battle & Son* and *McLean, McLean & McCormick* for defendant.

BROWN, J. It is admitted that John Walker, Jr., was seized and possessed of the lands in controversy. The evidence shows that he conveyed the land by deed dated 2 June, 1869, to Hector J. MacLean, under whom plaintiffs claim. The· record evidence tends to prove that plaintiff McCaskill claims three-fourths of the land by purchase from the heirs of

McCASKILL v. WALKER.

Hector J. MacLean, and the other fourth is claimed by plaintiff Lola Wright, the remaining heir at law of said MacLean. The defendants pleaded adverse possession and that Hector J. MacLean obtained the deed to the land from John Walker, Jr., by fraud, and that defendants are the heirs at law of Walker and claim the land as such.

The ground of the nonsuit, as we understand the record, is that the evidence offered by the plaintiffs proves title in the defendants by adverse possession, and that, therefore, the plaintiffs, upon their own showing, are not entitled to recover.

We do not think that the evidence as set out in the record is sufficient to sustain his Honor's ruling.

The evidence tends to show that there were two tracts of land owned by John Walker, a forty-acre tract, which is the one in controversy, and a thirty-two-acre tract, whereon John Walker lived, and died in 1872, and where, according to the evidence of one witness, the widow and children of John Walker have lived ever since. The evidence, taken in its most favorable view for plaintiff, as is the rule upon a motion to nonsuit, tends to prove that the forty-acre tract is woodland and was used for getting firewood and straw, very generally from 1888 to 1901, by those claiming under Hector J. MacLean. There is some evidence also of a like use by defendants during same period, but it is not sufficiently definite, certain and exclusive to justify a court in holding as matter of law that it establishes adverse possession for twenty years.

His Honor erred in sustaining the motion.

New Trial.