A. A. SPENCER v. T. M. BYNUM AND B. E. SMITH.

(Filed 12 May, 1915.)

1. Pleadings—Evidence.

The introduction of evidence as to the terms agreed upon by partners in dissolution of their business is not objectionable for the want of allegation in the pleadings, when the testimony objected to is practically set out therein.

2. Appeal and Error—Objections and Exceptions—Harmless Error.

The introduction of inadmissible evidence is rendered harmless when other evidence of the same character has been introduced on the trial without objection.

**3. Contract, Written—Parol Evidence.**

Where a contract which the law does not require to be in writing is partly written and partly rests in parol, evidence of the parol agreement is competent to show the entire contract when not contradictory of the written part.

**4. Same—Partnership—Dissolution.**

A written agreement for dissolution of a partnership providing that one of the partners should take charge of the assets, apply them to payment of debts, and distribute the balance among the partners, is not varied by a parol contemporaneous agreement that each of the partners should lose any amount then due him by the firm.

**5. Same—Consideration.**

An agreement between partners for dissolution of the firm, that one of them shall take charge of the business for that purpose, another buy certain of its property to enable the firm to pay its debts, and that a charge for mismanagement against a third partner would not be made, affords a sufficient consideration to support the agreement.

APPEAL by plaintiff from *Adams, J.,* at September Term, 1914, of RANDOLPH.

Action to recover certain sums of money which the plaintiff alleges he advanced to a partnership of which the plaintiff and the defendants were members.

The action was tried before a referee and was heard in the Superior Court upon exceptions to the report.

It appears from the record that the plaintiff and the defendants formed a partnership on 5 September, 1908, for the manufacture of lumber; that the plaintiff was in active charge and management of the business of the partnership. and that the defendants did not live where the business was carried on; that the business of the partnership was carelessly handled, in that accounts were not carefully and properly kept, a great deal of timber was injured by permitting logs to remain in the woods too long after being cut, much lumber was damaged by being improperly cared for, and the partnership sustained damage by reason of these facts in the amount of about $3,000; that the partnership continued under the management of the plaintiff until 28 October, 1909, when an agreement was entered into between plaintiff and the defendants for its dissolution.

The referee finds in finding of fact No. 4 that the plaintiff advanced to the partnership the sums of money which he is seeking to recover, and his findings of fact Nos. 8 and 9 are as follows:

8. On or about 28 October, 1909, the plaintiff and defendants entered into an agreement to close out the partnership affairs and dissolve the business according to the following terms: The defendant T. M. Bynum purchased and paid for the planer plant at Osgood and the lot and houses there at the price of $3,000, and the sawmill on the Black Jack tract at $1,000, the stock of goods on hand at cost, less a discount of 10 per cent,

estimated to amount to $3,000, and the Black Jack tract of timber and another small tract of the Brown timber for $7,500, agreeing to make the arrangements satisfactory with the Moffitt Iron Works, their principal creditor, which he did, and with the understanding and agreement, made and entered into at the time, that each member of the firm should lose what he had paid into it, embracing the sums set out in foregoing article 4, and when they should get through paying all firm debts divide any remainder one-half to Spencer, one-fourth to Bynum, and one-fourth to Smith; and also as a part of the agreement at that time it was arranged that the said T. M. Bynum was to have full management and charge of the assets of the company to wind up the affairs of said copartnership; and the said T. M. Bynum did, as a matter of fact, take charge of the property of the firm according to said agreement, has paid its outstanding debts and has paid certain sums of money to the parties hereto in proportion to their several interests.

9. That prior to entering into the aforesaid arrangements on 28 October, 1909, the said A. A. Spencer, at the request of the defendants, had made two statements of the liabilities of the company. According to the first of these, the liabilities of the company amounted to the sum of $18,648.42, which the plaintiff A. A. Spencer represented to be a full statement of the liabilities of the partnership, so far as he could remember. According to the second of said statements, which was made on 28 October, 1909, the liabilities of the company were placed by him at the amount of $22,791.53, which the plaintiff again represented to be full and complete, so far as he could remember; and in making said statements the plaintiff used the books of the company kept by him and under his direction. In neither of these statements, nor at any time on or before 28 October, 1909, did the said Spencer make any personal claim against the partnership, and at the time of said statements the said Spencer did not intimate, and the said defendants did not know, that any money whatever was due the plaintiff by the firm, and the said defendants entered into the agreement on 28 October, 1909, for settlement and dissolution of the partnership affairs in the *bona fide* belief that the said firm was not in any amount indebted to the plaintiff. That said statements of indebtedness made by the plaintiff were not full and complete in other respects, there being a number of items of considerable amount which were not embraced therein.

At the time the agreement of dissolution was entered into, the parties thereto entered into a written agreement giving to the defendant Bynum the exclusive right to take charge of the business and close it up and then to make settlement with the copartners according to their respective interests.

It was also agreed orally that the defendant Bynum would purchase certain property belonging to the partnership at agreed valuations aggre-

gating $14,500, in order that the purchase money might be used in settling the debts of the partnership, and that each member of the firm should lose what he had paid into the partnership.

Some of the evidence admitted for the purpose of proving this oral agreement was objected to by the plaintiff upon the ground that the allegations of the answer were insufficient, and, further, because it tended to vary the written agreement.

The assignments of error are as follows:

1. That the referee and his Honor erred in permitting evidence to be introduced as set out in exception 1, as follows:

"Q. What agreement about the $2,000 to be paid to Moffitt? A. Mr. Spencer said he would lose right smart by doing that, but said he would do it. I told him he had gotten more than $2,000."

2. That his Honor and the referee erred in permitting evidence to be introduced as set out in exception 2, as follows:

"Q. What was the agreement in regard to that? A. The agreement was, we would put—every man would lose what he had put in, except what was left."

3. That his Honor and the referee erred in permitting evidence to be introduced as follows:

"Q. He would lose his $2,000 he had paid, also? A. Just make a clean sweep of it."

4. That his Honor and the referee erred in permitting evidence to be introduced, as set out in exception 4, in regard to what was the agreement of dissolution.

5. That his Honor and the referee erred in permitting evidence to be introduced, as set out in exception 5.

6. That his Honor erred in overruling plaintiff's exceptions, as set out in the record, and for rendering judgment for only the sum of $51.50, as set out in exception 6.

There was a judgment in favor of the defendants, and the plaintiff appealed.

*T. J. Jerome, John T. Brittain, and J. A. Spence for plaintiff.*
*Hammer & Kelly for defendants.*

ALLEN, J. The eighth and ninth findings of fact are determinative of the controversy between the plaintiff and the defendants, and we have no power to disturb them, if the allegations of the answer are sufficient to justify the admission of evidence upon which they are based, and if the evidence introduced is competent.

An inspection of the answer shows that it alleges the agreement entered into at the time of the dissolution of the partnership in almost the same words that are used by the referee in his finding of fact, and we must therefore hold that the answer is sufficient.

We might dispose of the exceptions to evidence set out in the assignments of error upon the ground that the evidence objected to is immaterial and its admission harmless, because it appears from the record that the defendants offered ample evidence of the agreement that was not objected to, and this evidence embraced in the assignments is only as to two or three circumstances which could not reasonably have affected the result, but in our opinion all of the evidence tending to prove the oral agreement was competent and comes within the principle stated in *Nissen v. Mining Co.,* 104 N. C., 310, and approved in *Anderson v. Corporation,* 155 N. C., 134, that "When a contract is not required to be in writing it may be partly written and partly oral, and in such cases when the written contract is put in evidence it is admissible to prove the oral part thereof."

The written contract introduced in evidence does not purport to contain the entire agreement, and is devoted exclusively to clothing the defendant Bynum with the power and the authority to take charge of the assets of the partnership and apply them to the payment of debts and to distribute any balance among the partners, leaving in parol the agreement among the partners that they would lose any amount due by the partnership to either one of them, and by proving the parol agreement the written contract is not changed or varied, and may be enforced as it is written.

This disposes of the first, second, third, fourth, and fifth assignments of error, and the sixth assignment is formal, being entered for the purpose of preserving the other exceptions.

It was also urged upon the argument that the agreement embodied in the eighth finding of fact could not be enforced because there was no consideration to support it, and conceding that this question may be presented by the exception to the judgment, we think the position cannot be maintained.

In *Institute v. Mebane,* 165 N. C., 650, the Court approved a quotation from 9 Cyc., 312, that "There is a consideration if the promisee, in return for the promise, does anything legal which he is not bound to do, or refrains from doing anything which he has the right to do, whether there is any actual loss or detriment to him, or actual benefit to the promisee or not," and upon this principle the mutual promises for a dissolution of the partnership, the agreement of the defendants to forego any claim against the plaintiff on account of his mismanagement of the business of the partnership, and the agreement upon the part of the defendant Bynum to purchase a large part of the property of the partnership for the purpose of enabling the partnership to pay its debts, although he paid no more than its value, furnish a consideration sufficient to support the agreement.

The action has been tried by a careful and accurate lawyer acting as referee, and his findings and rulings have been reviewed and approved by an impartial and learned judge, and upon an inspection of the whole record we find no reason for disturbing the conclusion they have reached.

Affirmed.