THE T. C. MAY COMPANY v. THE MENZIES SHOE COMPANY.

(Filed 4 October, 1922.)

**1. Contracts—Offer—Acceptance—Vendor and Purchaser.**

An essential element of a binding contract for the sale of goods is the offer of sale by the one party and the acceptance of its terms by the other; and when the offer is communicated and shows an intent to assume liability, and is so understood and accepted by the party to whom it is made, it becomes equally binding upon the promissor and promissee.

**2. Same—Silence—Evidence of Confirmation.**

The acceptance of an offer of the sale of goods may be established by words or conduct of the offeree showing that he meant to accept it according to its terms; and while ordinarily the mere silence of the offeree will not amount to his assent, it may otherwise be construed when such silence is under circumstances that would justify the reasonable inference of its acceptance.

**3. Same—Traveling Salesman—Principal and Agent.**

The term "traveling salesman" generally implies one who takes or solicits orders for goods in behalf of his principal, and forwards them to his principal for approval or rejection; and where a person has only represented himself as such to the buyer of goods and the sale was accordingly made on this authority, the consent of the principal must in some sufficient way be evidenced for the purchaser to establish the contract as one binding upon him.

**4. Same—Evidence—Nonsuit—Questions for Jury—Trials—Appeal and Error.**

Where there is evidence that the purchaser of merchandise has placed two orders with the traveling salesman of the seller, in February, one for immediate shipment and the other for July; and by custom the seller was allowed eight or ten days for acceptance, and the seller, having shipped the first order and received payment, has written in June for the financial statement from the purchaser, promising attention, and opening

up an investigation of the seller's responsibility, resulting in cancellation of the July shipment; and thereafter, in August, the seller has shipped the goods at advanced prices, claiming it was a new order for the goods: *Held*, the evidence raised an issue which should be answered by the jury, and the seller's motion of nonsuit in the purchaser's action to recover the difference between the contract price and the advanced prices charged should have been denied.

APPEAL by defendant from *Allen, J.,* at October Term, 1921, of NASH.

The plaintiff is a corporation conducting a mercantile business at Spring Hope, and the defendant is a corporation organized and existing under the laws of Wisconsin.

On 6 February, 1919, the plaintiff gave the defendant's salesman two orders for shoes. The first ($93.60) was shipped, payable 45 days net, on 11 April, and was paid by the plaintiff on 24 June. The plaintiff alleges that to the orders was attached a slip of paper which was as follows: "We protect you. If we can reduce prices before this order is shipped, we will bill these shoes at the reduced prices. In consideration of this guarantee, no part of this order is subject to cancellation. (Signed) The Menzies Shoe Company, Milwaukee, Wisconsin"; that the shoes, for which the second order was given, were to be shipped 25 July, and that the defendant in breach of its contract delayed shipment until the fall, and refused to ship on open account as agreed; that the shoes were billed to the plaintiff at a price higher than that agreed on, and that the plaintiff is entitled to recover of the defendant the difference between the price which the plaintiff paid and the original contract price. The bills for the shoes shipped in the fall were paid by the plaintiff through the First National Bank of Spring Hope, and after making payment to said bank, the plaintiff issued a summons against the defendant and filed a complaint alleging that the defendant had not shipped the shoes described in the second order of 6 February at the prices agreed, and that the defendant was indebted to the plaintiff by reason of the defendant's breach of contract in the sum of $1,168.70. The plaintiff also levied a warrant of attachment on $1,291.60 in possession of the bank, being a part of the money paid by the plaintiff for shoes shipped in the fall of 1919. The bank filed an answer admitting that it was indebted to the defendant in the sum of $1,933.97. The defendant entered a special appearance, and made a motion to dismiss, which being denied, the defendant excepted and afterwards filed an answer denying indebtedness to the plaintiff, and alleging that the second order of 6 February was never accepted by the defendant, but was canceled in August, and that the defendant thereafter, with full knowledge of the cancellation of said order, gave an entirely new order to the defendant for shoes to be shipped on the terms agreed on at that time

between the plaintiff and the defendant. The defendant assigned as its reason for canceling the second order of 6 February that the plaintiff was a new customer and failed to comply with the terms of shipment of the first order, and that meanwhile the defendant had investigated the financial standing of plaintiff and declined to extend credit on open account for the amount for which the second order was given.

At the close of the evidence, on motion of the defendant, the court entered judgment of nonsuit, and the plaintiff excepted and appealed.

*Manning & Manning, I. T. Valentine, and Finch & Vaughan for plaintiff.*

*Upham, Black, Russell & Richardson, Austin & Davenport, and Harold D. Cooley for defendant.*

ADAMS, J. The definition of a contract as an agreement to which the law attaches obligation implies, among other essential elements, the mutual assent of the parties, which generally results from an offer on the one side and acceptance on the other. The offer, when communicated, is a mere proposal to enter into the agreement, and must be accepted before it can become a binding promise; but when it is communicated, and shows an intent to assume liability, and is understood and accepted by the party to whom it is made, it becomes at once equally binding upon the promissor and the promissee. 1 Page on Contracts (2 ed.), sec. 74 *et seq.;* 1 Elliott on Contracts, sec. 27 *et seq.* Such acceptance may be manifested by words or conduct showing that the offeree means to accept; for, while it is generally held that the intention to accept is a necessary element of acceptance, the question of intent may usually be resolved by what the offeree did or said. As a general rule, his mere silence will not amount to assent; but if he declines to speak when speech is admonished at the peril of an inference from silence, his silence may justify an inference that he admits the truth of the circumstance relied on or asserted. 1 Page, *supra,* sec. 160; 1 Elliott, *supra,* sec. 48; *Royal Ins. Co. v. Beatty,* 119 Pa. St., 9.

In the instant case the record presents two questions: (1) Whether the plaintiff made the defendant an offer of purchase, and if he did, (2) whether the offer was accepted by the defendant. The plaintiff admits that it gave the defendant's traveling salesman the order referred to, but avers that it was not conditional upon acceptance by the defendant. In this conclusion we cannot concur.

In our opinion the salesman did not assume to make an absolute sale of the goods; on the contrary, he represented himself as a traveling salesman, and was dealt with as such by the plaintiff. The term "traveling salesman" is generally accepted in the sense of a salesman who takes

or solicits orders for goods and forwards them to his principal for approval or rejection. 19 C. J., 790. The plaintiff evidently recognized such limitation of the salesman's authority, for A. E. May testified that he did not think the salesman could bind his company to an acceptance of the order.

We are therefore chiefly concerned with the inquiry whether it is permissible to deduce from the evidence, construed in the light most favorable to the plaintiff, the inference that the defendant accepted the plaintiff's order. If such conclusion may reasonably be inferred, the judgment of nonsuit cannot be sustained. *Sikes v. Ins. Co.,* 144 N. C., 626; *McCaskill v. Walker,* 145 N. C., 252; *Cotton v. R. R.,* 149 N. C., 227; *Newby v. Realty Co.,* 182 N. C., 41; *Weathers v. Baldwin,* 183 N. C., 276. Inspection of the record and examination of the briefs filed by counsel lead to the conclusion that the controversy as to the alleged acceptance should have been submitted to the jury. There is evidence tending to show that on 6 February the plaintiff signed and delivered to the defendant's salesman two orders for shoes, one of which was to be filled soon thereafter and the other 25 July; that the defendant acknowledged the receipt of these orders, and informed the plaintiff that they should receive prompt attention; that the custom of the trade at that time required of the defendant acceptance or rejection of the orders within eight or ten days; that the shoes described in the first order were shipped in the month of February, and that there was no further communication concerning the order until 27 June, when the defendant wrote the plaintiff that it was "receiving the defendant's preferred attention," and requested additional information as to the plaintiff's financial condition; that subsequent correspondence took place between them resulting in the defendant's cancellation of the order. It is unnecessary to recapitulate the contentions of the parties for the reason that the evidence, in our opinion, is of sufficient probative force to justify its submission to the jury on the question of the defendant's acceptance of the order. Of course we express no opinion on the merits. The judgment of nonsuit must be set aside, and the controversy submitted to the determination of another jury.

New trial.