ALBEMARLE EDUCATIONAL FOUNDATION, INC. v. A. B. BASNIGHT

No. 691DC202

(Filed 28 May 1969)

1. **Schools § 2;    Contracts § 27— private school — action for tuition — sufficiency of evidence**

   In an action by a private school to recover tuition on a contract of enrollment, evidence that plaintiff sent to the parents of each child in attendance an enrollment application for the next school year, that the application contained the statement, "READ CAREFULLY, THIS IS A CONTRACT AGREEMENT," and provided that once submitted the application was not subject to withdrawal or cancellation by applicants, that the defendant parent signed the enrollment application on behalf of his daughter, that the application was subsequently approved by plaintiff's board of directors, and that plaintiff purchased textbooks and hired teachers upon the expectation of tuition from defendant, *held* sufficient to support a jury finding that the parties had created a binding agreement.

2. **Contracts § 2— communication of acceptance**

   An acceptance, unless otherwise specified, may be communicated by any means sufficient to manifest assent.

3. **Contracts § 4— consideration**

   Consideration consists of some benefit or advantage to the promisor, or some loss or detriment to the promisee.

4. **Contracts § 4— consideration**

   There is a consideration if the promisee, in return for the promise, does anything legal which he is not bound to do, or refrains from doing anything which he has a right to do, whether there is any actual loss or detriment to him or actual benefit to the promisor or not.

APPEAL by plaintiff from *Privott, J.*, at the 25 November 1968 Civil Session of PASQUOTANK District Court.

Plaintiff filed its complaint 19 June 1968 alleging that the parties had entered into a contract for enrollment of the defendant's daughter in the school operated by plaintiff. Plaintiff further alleged acts in reliance upon the contract, demand on the defendant for the tuition in the amount of $370.00, and refusal of the defendant to pay.

Defendant answered 18 July 1968 denying the existence of a contract and alleging that his daughter attended the school during the school year 1966-1967 but not during 1967-1968, that plaintiff has rendered no services of value to the defendant for which it has not been paid, and that plaintiff was notified in May or June of 1967 that defendant's daughter would not attend.

Plaintiff replied 29 July 1968 denying the allegations of defend-

ant's further answer, except admitting that defendant's daughter did not attend the school during the school year 1967-1968.

Plaintiff's evidence tended to show the following: Defendant's daughter attended Albemarle Academy and took an active part in its programs during the year 1966-1967. On 15 February 1967, the course offerings and programs were established for the following year. Immediately thereafter, a form letter was sent to the parents of each child in attendance during 1966-1967, advising them of the grades and courses to be offered, and the amounts of the tuition. A form labeled APPLICATION BLANK was enclosed. This form provided blanks to be filled in by the applicant, including birthdate, grade to be entered and various biographical and educational background information. Following this was the statement, "READ CAREFULLY, THIS IS A CONTRACT AGREEMENT." After this statement was the following paragraph:

> "We understand that parents or guardians whose children are accepted by the Albemarle Academy are obligated to the school for the full tuition for that year of school should they withdraw or be withdrawn by school authorities before the end of the year. When a student enrolls, space is reserved and certain expenses incurred on behalf of the student. We understand that no records are released until all obligations of the student and parent or guardian to the school are satisfied in full. After submission, the application is not subject to withdrawal or cancellation by applicants.
>
> Date March 3, 1967          SIGNED:  /s/ A. B. Basnight
>                                          Parent or Guardian
>                                          /s/ Cindy Basnight
>                                          Student"

The application was approved by plaintiff's Board of Directors on 11 April 1967. The application was initialed at the top and the approval was noted in the minutes of the Board. Plaintiff presented evidence of employment of teachers based on the number of approved applications and evidence relating to purchase of textbooks and supplies.

In June 1967, defendant's daughter, Cynthia, called the school and informed plaintiff's secretary that she had decided not to return to the Academy the next year.

On 17 August 1967, plaintiff wrote the defendant advising him that a binding contract had been signed by him and that the school wished to have a definite answer from him as to whether Cynthia

would be in attendance. Prior to mailing the letter to defendant, there had been no communication by him to the plaintiff other than the application.

At the close of plaintiff's evidence, defendant's motion for non-suit was granted. Plaintiff appealed.

*E. Ray Etheridge for plaintiff appellant.*

*John T. Chaffin for defendant appellee.*

BRITT, J.

[1]    The question presented is whether plaintiff's evidence, taken in the light most favorable to it, presents facts sufficient to justify a jury in finding that the parties had created a binding contract.

[2]    Defendant does not contest the existence of an offer. It is established law that an acceptance, unless otherwise specified, may be communicated by any means sufficient to manifest assent. 1 Corbin on Contracts, 1963 Ed., § 67, p. 275; American Law Institute, Restatement of Contracts, §§ 61, 64, pp. 67, 70. On this basis, the letter of 17 August 1967 could be found to constitute an acceptance of the offer made by the application.

[3, 4]    Defendant insists that the purported contract relied on by plaintiff was not supported by sufficient consideration. In *Helicopter Corp. v. Realty Co.,* 263 N.C. 139, 139 S.E. 2d 362, we find the following: "* * * 'It may be stated as a general rule that "consideration" in the sense the term is used in legal parlance, as affecting the enforceability of simple contracts, consists of some benefit or advantage to the promisor, *or* some loss or detriment to the promisee. *Exum v. Lynch,* 188 N.C. 392, 125 S.E. 15; *Cherokee County v. Meroney,* 173 N.C. 653, 92 S.E. 616; *Institute v. Mebane,* 165 N.C. 644, 81 S.E. 1020; *Findley v. Ray,* 50 N.C. 125. It has been held that "there is a consideration if the promisee, in return for the promise, does anything legal which he is not bound to do, or refrains from doing anything which he has a right to do, whether there is any actual loss or detriment to him or actual benefit to the promisor or not." 17 C.J.S. 426. *Spencer v. Bynum,* 169 N.C. 119, 85 S.E. 216; *Basketeria Stores v. Indemnity Co.,* 204 N.C. 537, 168 S.E. 822; *Grubb v. Motor Co.,* 209 N.C. 88, 183 (sic) S.E. 730.' *Stonestreet v. Oil Co.,* 226 N.C. 261, 37 S.E. 2d 676; *Bank v. Harrington,* 205 N.C. 244, 170 S.E. 916."

[1]    In the present case, plaintiff offered evidence of the purchase of textbooks and hiring of teachers based upon the expectation of

receipt of the tuition from defendant. This could be found sufficient to indicate an increase in the plaintiff's expenses as a result of defendant's actions.

Nothing appears from the plaintiff's evidence to indicate that the defendant's daughter acted for anyone but herself in her actions in June 1967. Moreover, it is not clear that the plaintiff was put on notice by the daughter's telephone call that it should not expect to receive the tuition, since the application had specifically provided that it could not be withdrawn or cancelled after submission.

Considering the evidence in the light most favorable to the plaintiff, we conclude that the plaintiff offered evidence sufficient, if believed, to entitle it to relief. Therefore, the motion for nonsuit should have been overruled.

Reversed.

MALLARD, C.J., and PARKER, J., concur.