EXECUTIVE LEASING ASSOCIATES, INC. v. BILL I. ROWLAND
   AND SYLVIA ROWLAND, INDIVIDUALLY AND t/a CAPITAL SAND
   & GRAVEL COMPANY, AND ROWLAND TRUCKING AND GRAD-
   ING COMPANY

No. 7610SC7

(Filed 1 September 1976)

1. Contracts § 2— acceptance — methods of expressing

An acceptance is an essential element of a contract because it
manifests the offeree's intent to be bound by the terms of the offer,
and acceptance, unless otherwise specified, may be communicated by
any means sufficient to manifest intent, including by signature, silence
or conduct.

2. Contracts § 27— offers to lease heavy equipment — acceptance of
offers — sufficiency of evidence

In an action to recover money and the possession of heavy equip-
ment leased to defendants by plaintiff, the trial court erred in con-
cluding as a matter of law that defendants' written offers to lease
equipment had never been accepted by plaintiff, as plaintiff had never
signed the forms, and therefore plaintiff could not recover under the
written lease forms, since the evidence before the trial court presented
two methods of acceptance sufficient to withstand defendant's sum-
mary judgment motion: (1) the copies of the lease forms attached to
the complaint showed an entry of date of approval, which could con-
stitute an acceptance by signature, and (2) the conduct of plaintiff
in delivering to defendants the equipment which was the subject of the
leases and in permitting defendants to use the same over an extended
period of time could constitute acceptance of the lease offers.

APPEAL by plaintiff from *Smith, Judge.* Order entered 24
September 1975, Superior Court, WAKE County. Heard in the
Court of Appeals 13 April 1976.

Plaintiff, a North Carolina corporation engaged in the
business of leasing heavy equipment, alleged that on eight occa-
sions between 27 February 1973 and 22 March 1974 defendants
executed and delivered to plaintiff lease agreements for various
items of equipment; that defendants had defaulted in payment
of rent; that plaintiff was entitled to possession of the equip-
ment and to the principal sum of $182,618.19, attorney's fees of
$27,392.73, and costs of $18,100.00.

Defendants admitted that they had offered to lease the
equipment, but contended that the lease forms required written
acceptance by the plaintiff, and that as the unsigned copies
attached to plaintiff's complaint showed, there had been no

acceptance. In their answer defendants also revoked the eight offers to lease and delivered constructive possession of all equipment to plaintiff's attorney.

Plaintiff then filed several requests for admission, attaching copies of the lease agreements which defendants had signed. Plaintiff had not signed the copies, but there were entries beside the words "Date Approved." Defendants admitted the delivery and execution of the lease forms supplied by plaintiff and the genuineness of the defendants' signatures thereon, but denied that such forms constituted agreements because plaintiff had not signified acceptance.

Plaintiff then moved for summary judgment under G.S. 1A-1, Rule 56. Plaintiff stated that the original copies of the agreements had been signed by a duly authorized agent of plaintiff, and that the originals would be introduced at the hearing upon the motion.

Defendants' response alleged upon information and belief that the signatures were not affixed until after the filing of plaintiff's answer, and therefore were without legal effect. At the same time, defendants filed a motion for judgment on the pleadings under G.S. 1A-1, Rule 12(c) upon the grounds that plaintiff's evidence failed to establish the existence of an agreement between plaintiff and defendants; to-wit, that the signature of an authorized agent of plaintiff was the only valid method to accept defendants' offers, and that defendants had revoked the offers before any such acceptance. Defendant Bill Rowland submitted an affidavit in support of the motion, and pursuant to G.S. 1A-1, Rule 12(c), the court treated the motion as one for summary judgment under G.S. 1A-1, Rule 56(c). The trial court concluded as a matter of law that defendants' written offers to lease equipment had never been accepted by plaintiff and therefore plaintiff could not recover under the written lease forms.

Plaintiff appeals from the summary judgment.

*Hatch, Little, Bunn, Jones, Few & Berry by John N. McClain, Jr., for plaintiff appellant.*

*Purrington, Hatch & Purrington by Ashmead P. Pipkin for defendant appellees.*

CLARK, Judge.

The issue presented upon appeal is whether the trial court erred in granting defendants' motion for summary judgment.

G.S. 1A-1, Rule 56 provides for a summary judgment if there is no genuine issue as to any material fact and if any party is entitled to judgment as a matter of law.

Summary judgment is a drastic remedy, and its requirements must be carefully observed in order that no person be deprived of a trial on a genuinely disputed issue. The party moving for a summary judgment has the burden of establishing the lack of a triable issue of material fact by the record properly before the court. This is so irrespective of the burden of proof at trial upon the issues raised in the pleadings. The movant's papers are carefully scrutinized while those of the opposing party are indulgently regarded. *Koontz v. City of Winston-Salem,* 280 N.C. 513, 186 S.E. 2d 897 (1972); *Miller v. Snipes,* 12 N.C. App. 342, 183 S.E. 2d 270 (1971), *cert. denied* 279 N.C. 619, 184 S.E. 2d 883 (1971).

[1]  The trial court held as a matter of law that there was no contract between the parties because there had been no acceptance of defendants' offer. An acceptance is an essential element of a contract because it manifests the offeree's intent to be bound by the terms of the offer. Intention is the key element. A written signature is not the exclusive means of signifying acceptance. Acceptance, unless otherwise specified, may be communicated by any means sufficient to manifest intent. This may include a signature, silence, or conduct. *Foundation, Inc. v. Basnight,* 4 N.C. App. 652, 167 S.E. 2d 486 (1969).

The burden on the party moving for summary judgment may be carried by proving that an essential element of the opposing party's claim is non-existent. *Zimmerman v. Hogg & Allen,* 286 N.C. 24, 209 S.E. 2d 795 (1974). Defendants here have contended that there was no acceptance of their offers as a matter of law. This contention cannot be sustained for two reasons.

[2]  The evidence before the trial court presented two modes of acceptance sufficient to deny defendants' motion. First, the copies of the lease forms attached to the complaint and to plaintiff's request for admissions show an entry of date of approval, which may constitute an acceptance by signature. Defendants

In re Will of Wadsworth

point out that there was no evidence that plaintiff made the entry, but at the least, this raises a genuine issue of material fact.

Second, it is clear from the record that on the date of their answer and at times prior thereto, defendants were in possession of the equipment referred to in the eight lease offers. The conduct of the plaintiff in delivering to defendants the equipment which was the subject of the leases and in permitting defendants to use the same over an extended period may constitute acceptance of the lease offers. Acceptance by conduct is a well-recognized principle in North Carolina law. *Durant v. Powell,* 215 N.C. 628, 2 S.E. 2d 884 (1939) ; *May v. Menzies,* 184 N.C. 150, 113 S.E. 593 (1922). See also *Performance Motors, Inc. v. Allen,* 280 N.C. 385, 186 S.E. 2d 161 (1972). While such conduct may not amount to an acceptance as a matter of law, it is certainly sufficent to make improvident any ruling that there has been no acceptance as a matter of law.

A third possible mode of acceptance is by signature of plaintiff or an authorized agent of plaintiff. The record upon appeal is unclear as to whether any genuine issue exists with respect to signatures on the original copies of the lease forms. Plaintiff may be able to clarify this issue upon remand. At any rate, such a finding is not essential to our disposition of the case.

We hold that summary judgment was improvidently granted.

The judgment is reversed.

Chief Judge BROCK and Judge HEDRICK concur.