ROBERT C. SMITH v. GEORGE E. JONES

No. 8526SC1088

(Filed 3 June 1986)

1. **Bills and Notes § 4— note—consideration sufficient**

   The assignment of potential commissions was sufficient consideration to support a note where plaintiff was a general insurance agent and defendant a soliciting agent; defendant was paid a commission based on a full year's premiums when the policies were sold even though the premiums were paid monthly; agents were required to sign an agreement providing for repayment of any commissions on premiums which were not paid; defendant was liable to repay $60,000.00 in commissions on policies in which the premiums were not paid; plaintiff requested and defendant signed a note for $65,836.95; and the note was subject to assignment of defendant's commissions on policies plaintiff was attempting to place with another company in place of the rejected policies.

2. **Bills and Notes § 20— note covering insurance agent charge backs—intention of parties—directed verdict properly denied**

   It was not reversible error to submit to the jury an issue as to the intention of the parties on a note where the note was given by a soliciting agent to a general agent to cover charge backs for commissions on policies with unpaid premiums and a clause stated that the first installment would be due subject to assignment of commissions from replacement policies.

ON writ of certiorari to review proceedings before *Lewis (Robert D.), Judge.* Judgment entered 9 May 1984 in Superior Court, MECKLENBURG County. Heard in the Court of Appeals 5 March 1986.

This is an action on a note. The evidence showed that the plaintiff was the general agent in North Carolina for Mutual Benefit Insurance Company and the defendant was employed as soliciting agent for the company. Agents for the company were paid commissions based on a full year's premiums for insurance policies when sold although the premiums were paid monthly. The agents were required to repay commissions on any premiums which were not paid. The payment of commissions to agents by this method was known as the automatic monthly payment (AMP) plan and to take advantage of this plan agents were required to sign an agreement under which they would repay any commissions within ten days of notice of such a charge back.

In 1981 the defendant as agent sold insurance policies for which he received advanced commissions in the amount of approximately $60,000.00. No premiums were paid on the policies upon which these commissions were based. The defendant was not able to repay the commissions. The plaintiff requested the defendant to give him a note for $65,836.95 payable in equal monthly installments of $5,486.41. The defendant would not sign the note until a paragraph in the note was amended, by the part shown in brackets, to read as follows:

> The first such installment shall be due, [subject to assignment of commissions from policies issued by Manufacturer's Life on the lives of Douglas D. Brendle, Sidney F. Brendle, and William F. Cosby;] on July 31, 1981, and each subsequent installment shall be due on the last working date of each subsequent month until the entire unpaid balance is paid. Should any of such installments be unpaid, [following a thirty (30) day grace period] the entire unpaid balance becomes due upon demand.

The evidence showed that the plaintiff was attempting to place policies with another insurance company in place of the rejected policies. He was unable to do so.

The court submitted the following issue to the jury to which the jury answered "yes."

Did Robert C. Smith and George E. Jones agree that liability on the note dated July 1, 1981, in the face amount of $65,836.95 was to be dependent upon the acceptance of policies on the lives of Brendle and Cosby issued by Manufacturer's Life as a condition precedent to payment of the note?

The court entered a judgment for the defendant and this Court granted certiorari.

*Moore, Van Allen, Allen & Thigpen, by John T. Allred, Joseph W. Eason, Randel E. Phillips and Denise S. Cline, for plaintiff appellant.*

*Marshall, Williams, Gorham & Brawley, by Lonnie B. Williams, for defendant appellee.*

WEBB, Judge.

[1] The appellant first contends that he was entitled to have a directed verdict entered in his favor because all the evidence showed, without dependence on the credibility of a witness, the truth of the basic facts upon which the plaintiff's claim is based. He says this is so because there is no dispute that under the AMP agreement commissions were paid to the plaintiff which he was bound by the agreement to return. He argues that the note signed by the parties did not alter the underlying obligation because (1) the note was not supported by consideration and (2) the interlineated "subject to" phrase in the note constituted a promise by the defendant relating to the time of payment and is not a condition precedent to liability.

One difficulty with the plaintiff's argument is that the action was brought on the note and not on the AMP agreement. Nevertheless he says that a waiver of a right to recover a stated sum needs consideration to support it and there is no consideration for the waiver by the plaintiff. The plaintiff, relying on *Sinclair v. Travis*, 231 N.C. 345, 57 S.E. 2d 394 (1950) and *Clement v. Clement*, 230 N.C. 636, 55 S.E. 2d 459 (1949) argues that the defendant promised to do only what he was legally bound to do and this is not sufficient consideration to support a waiver of the plaintiff's absolute claim for payment. We believe the evidence in this case shows that the defendant did something he was not legally bound to do. "[T]here is a consideration if the promisee, in return for the

promise, does anything legal which he is not bound to do, or refrains from doing anything which he has a right to do, whether there is any actual loss or detriment to him or actual benefit to the promisor or not." *Albemarle Educational Foundation, Inc. v. Basnight*, 4 N.C. App. 652, 654, 167 S.E. 2d 486, 488 (1969). (Citations omitted.) In this case the defendant signed a note and assigned to the plaintiff potential commissions from another insurance company. This assignment proved to be of little value but it was what the plaintiff bargained for and we believe it is sufficient consideration to support the note.

[2]   The appellant next contends that clause which says "[t]he first such installment shall be due, subject to assignment of commissions from policies issued by Manufacturer's Life" is not a condition but relates solely to the time of payment and that payment became due within a reasonable time. He says that an absolute debt existed prior to the time the note was signed and that when payment of a pre-existing debt is to be postponed until the happening of an event within the control of the debtor, payment is due within a reasonable time, without regard to whether the debtor causes the event to occur. He cites 148 A.L.R. 1075 (1944) for this proposition. The first difficulty with this argument is that the occurrence of the event was not within the control of the debtor. He could not require the persons with whom he dealt to purchase the insurance policies from Manufacturer's Life. The second difficulty is that plaintiff did not sue on the pre-existing debt. He sued on the note and he must be bound by its terms.

The appellant argues further that the disputed clause is not a condition precedent but a promise to pay. We do not believe the clause can under any interpretation be considered a promise to pay. The plaintiff argues finally that it is inconceivable that he would give up the absolute right to payment dependent upon events within the control of the defendant and that to interpret the note so renders it a nullity. We can only be governed by the words in the note as to the intention of the parties. We do not believe this makes the note a nullity but it does make it enforceable according to its terms. We hold that it was not reversible error to submit to the jury the issue as to the intention of the parties to the note.

The plaintiff also argues it was error not to give a peremptory instruction in his favor and to set the verdict aside. For the reasons stated in this opinion we hold neither ruling was in error.

It does appear that the defendant has received from the plaintiff money which he should not keep under the AMP agreement. We believe we are limited to reviewing the trial for errors committed. The plaintiff sued on the note and we believe there were no prejudicial errors at the trial of the claim which the plaintiff pursued.

The defendant has cross assigned error to the failure of the court to submit to the jury an issue as to an unfair trade practice on the part of the plaintiff. We overrule this assignment of error.

No error.

Chief Judge HEDRICK and Judge PARKER concur.