Boyd v. Avello, 2016 NCBC 69.

STATE OF NORTH CAROLINA

MECKLENBURG COUNTY

IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
15 CVS 8534

AMAN BOYD; REVOLUTION PIZZA )
& PUB, INC. d/b/a Revolution Pizza & )
Ale House; and ACCENT BUSINESS )
CONSULTING, LLC, )
)
   Plaintiffs, )
)
  v. )
)
SABATTO C. AVELLO; EDWARD )
SOCHA; SCA GROUP, INC.; ANIL )
PATEL; and ADC BRANDS INC., )
)
   Defendants. )
)

OPINION AND ORDER ON PLAINTIFFS'
MOTION FOR JUDGMENT ON THE
PLEADINGS, DEFENDANTS' MOTION
TO ENFORCE SETTLEMENT
AGREEMENT, AND DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT

1. **THIS MATTER** is before the Court on: (i) Plaintiffs Aman Boyd, Revolution Pizza & Pub, Inc., and Accent Business Consulting, LLC's (collectively, "Plaintiffs") Motion for Judgment on the Pleadings; (ii) Defendants Sabbato C. Avello, Edward Socha, and SCA Group, Inc.'s (collectively, "SCA Defendants") Motion to Enforce Settlement Agreement; and (iii) SCA Defendants' Motion for Summary Judgment. For the reasons set forth herein, the Court **GRANTS** SCA Defendants' Motion to Enforce Settlement Agreement, **DENIES** as moot Plaintiffs' Motion for Judgment on the Pleadings and SCA Defendants' Motion for Summary Judgment, and **DISMISSES** with prejudice Anil Patel and ADC Brands Inc.'s (collectively, "ADC Defendants") counterclaims and crossclaims.

  *Thurman, Wilson, Boutwell & Galvin, by James Galvin and Alexander W. Warner, for Plaintiffs.*

*Law Office of Paul H. Bass, PLLC, by Paul H. Bass and Brian Tyson, for Defendants Sabbatto C. Avello, Edward Socha, and SCA Group, Inc.*

*Thomas B. Kakassy for Defendants Anil Patel and ADC Brands Inc.*

Robinson, Judge.

## I.

## PROCEDURAL HISTORY

2.      Plaintiffs filed their Complaint in this action on May 5, 2015, against SCA Defendants and ADC Defendants.   Plaintiffs, through their complaint, sought a declaratory judgment, contract reformation, an accounting, dissolution of SCA Group, Inc., and alleged claims for breach of contract, breach of fiduciary duty, breach of implied covenant of good faith and fair dealing, conversion, unjust enrichment, and piercing the corporate veil.

3.      On July 24, 2015, SCA Defendants filed their Answer and Counterclaim, which alleged counterclaims for breach of contract, common law fraud, fraud in the inducement, constructive fraud, negligent misrepresentation, breach of implied covenant of good faith and fair dealing, breach of fiduciary duty, conversion, and fraud by omission.

4.      On August 24, 2015, Plaintiffs filed their Reply to SCA Defendants' counterclaims.

5.      On September 22, 2015, ADC Defendants filed their Answer, Counterclaim, and Crossclaim.   ADC Defendants asserted a counterclaim against Plaintiffs for tortious interference with their contract rights and, contingent on Plaintiffs' allegations regarding the transfer of assets from SCA Defendants to ADC Defendants

being sustained, ADC Defendants asserted a crossclaim against SCA Defendants for breach of contract, or in the alternative, unjust enrichment.

6. On October 19, 2015, Plaintiffs filed their Reply to ADC Defendants' counterclaim. On the same day, SCA Defendants filed their Answer to ADC Defendants' crossclaim.

7. On December 4, 2015, following mediation, Plaintiffs, SCA Defendants, and ADC Defendants entered into a handwritten settlement agreement (the "Settlement Agreement"). (Mot. to Enforce Settl. Agmt. Exs. A-1, A-2.) The Settlement Agreement provides that: (i) ADC Defendants agree to use their best efforts to negotiate the amount of an IRS lien on the assets to $5,000.00; (ii) SCA Defendants agree to pay ADC Defendants attorney's fees of $2,500.00, an appraisal fee of $70.00, and, dependent on the amount of the IRS lien as negotiated by ADC Defendants, a sum in the range of $5,000.00 to $6,000.00 towards the satisfaction of the IRS lien; (iii) ADC Defendants and SCA Defendants agree to dismiss all of their claims in this action with prejudice, except for SCA Defendants' counterclaims against Plaintiffs; and (iv) Plaintiffs agree to dismiss without prejudice the declaratory judgment component of their Complaint, and to refile the dismissal with prejudice upon completion by ADC Defendants and SCA Defendants of their obligations, enumerated above, under the Settlement Agreement. (Mot. to Enforce Settl. Agmt. Exs. A-1, A-2.)

8. On April 11, 2016, pursuant to a separate settlement agreement entered into between Plaintiffs and SCA Defendants, Plaintiffs and SCA Defendants filed a

Notice of Stipulation of Voluntary Dismissal with Prejudice of all pending claims and motions by them in this action.

9. On May 31, 2016, Plaintiffs filed their Motion for Judgment on the Pleadings ("Plaintiffs' Motion") and brief in support of Plaintiffs' Motion. Plaintiffs' Motion requests that ADC Defendants' claims be dismissed for failure to state a claim upon which relief can be granted.

10. On June 14, 2016, ADC Defendants filed their Motion for Leave to File Amended Answer, Counterclaim, and Crossclaim.

11. On July 13, 2016, SCA Defendants filed their Motion to Enforce Settlement Agreement (the "Motion to Enforce the Settlement"), and their Motion for Summary Judgment (the "Motion for Summary Judgment"). The Motion to Enforce the Settlement asks the Court to enforce the Settlement Agreement, and the Motion for Summary Judgment asks the Court to enter summary judgment on ADC Defendants' crossclaims in favor of SCA Defendants.

12. On July 22, 2016, SCA Defendants filed their briefs in support of the Motion to Enforce the Settlement and the Motion for Summary Judgment.

13. On August 12, 2016, Plaintiffs and SCA Defendants filed separate briefs in opposition to ADC Defendants' motion seeking leave to amend.

14. On August 26, 2016, the Court entered an order denying ADC Defendants' motion seeking leave to amend.

15. On August 30, 2016, the Court entered a Notice of Hearing, scheduling a hearing for September 21, 2016 on Plaintiffs' Motion, the Motion to Enforce the Settlement, and the Motion for Summary Judgment (collectively, the "Motions").

16. On September 9, 2016, the Court held a status conference via telephone, and in light of the discussion during that conference, and with the consent of all counsel, the Court entered a Notice of Cancellation of Hearing the same day.

## II.

## ANALYSIS

17. Pursuant to Rule 15.6 of the General Rules of Practice and Procedure for the North Carolina Business Court (the "BCR"), "[t]he respondent, if opposing a motion, shall file a response, including brief, within twenty (20) days after service of the brief supporting the motion (or thirty (30) days if the motion is for summary judgment)." BCR 15.6.

18. Pursuant to BCR 15.11, "[i]f a respondent fails to file a response within the time required by this rule, the motion will be considered and decided as an uncontested motion, and ordinarily will be granted without further notice." BCR 15.11.

19. ADC Defendants failed to file a response to Plaintiffs' Motion, the Motion to Enforce the Settlement, and the Motion for Summary Judgment. During the September 9, 2016 status conference, counsel for ADC Defendants stated that ADC Defendants did not file a response in opposition to the Motions, and in light of the Court's August 26, 2016 order denying ADC Defendants' motion seeking leave to

amend, ADC Defendants do not oppose the Motions and intend to comply with the Settlement Agreement, thereby resolving all remaining matters in this action.

20. North Carolina courts apply the summary judgment standard of review to a motion to enforce a settlement agreement. *Hardin v. KCS Int'l, Inc.*, 199 N.C. App. 687, 695, 682 S.E.2d 726, 733 (2009). Summary judgment is proper when there is no genuine issue as to any material fact and any party is entitled to judgment as a matter of law. N.C. R. Civ. P. 56(c); *Joslyn v. Blanchard*, 149 N.C. App. 625, 628, 561 S.E.2d 534, 536 (2002).

21. The settlement of claims is favored in the law, and resolving disputes by way of mediated settlement is encouraged and given great deference. *Air Accuracy, Inc. v. Clark*, No. COA15-1206, 2016 N.C. App. LEXIS 722, at *8 (N.C. Ct. App. July 19, 2016) (unpublished). Settlement agreements are governed by general principles of contract law. *Id.* A valid contract requires assent, mutuality of obligation, and definite terms*. Charlotte Motor Speedway, LLC v. County of Cabarrus*, 230 N.C. App. 1, 7, 748 S.E.2d 171, 176 (2013). "It is a well-settled principle of contract law that a valid contract exists only where there has been a meeting of the minds as to all essential terms of the agreement." *Id.* (quoting *Northington v. Michelotti*, 121 N.C. App. 180, 184, 464 S.E.2d 711, 714 (1995). Acceptance may be signified by any means manifesting intent to be bound, including signature, silence, or conduct. *Exec. Leasing Assocs., Inc. v. Rowland*, 30 N.C. App. 590, 592, 227 S.E.2d 642, 644 (1976).

22. Here, the Settlement Agreement was entered into following a mediated settlement conference, in which all parties participated, on December 4, 2015. (Mot.

to Enforce Settl. Agmt. 2.) Consistent with the terms of the Settlement Agreement, SCA Defendants have offered ADC Defendants attorney's fees of $2,500.00, an appraisal fee of $70.00, and $6,000.00 towards satisfying the IRS lien, (Defs.' Br. in Supp. 6), and Plaintiffs and SCA Defendants have dismissed all claims in this action with prejudice. The only remaining obligations of the parties under the Settlement Agreement are those of ADC Defendants, which are to accept the payments tendered by SCA Defendants and to dismiss their counterclaims and crossclaims with prejudice, and the only pending claims in this action are ADC Defendants' counterclaims against Plaintiffs and their crossclaims against SCA Defendants.

23. ADC Defendants did not file a response opposing the Motion to Enforce the Settlement, and during the status conference on September 9, 2016, ADC Defendants conceded that they have no objection to the Motion to Enforce the Settlement and intend to move forward under the Settlement Agreement.

24. Pursuant to the foregoing, the Court finds that there is no genuine issue of material fact; that the Settlement Agreement is a valid agreement as a matter of law; and that, therefore, the Motion to Enforce the Settlement should be granted.

25. A case becomes moot when the relief sought has been granted. *Anderson v. N.C. State Bd. of Elections*, No. COA14-1369, 2016 N.C. App. LEXIS 663, at *10 (N.C. Ct. App. June 21, 2016).

26. The Court, having concluded that the Motion to Enforce the Settlement should be granted, and because the terms of the Settlement Agreement require ADC Defendants to dismiss the only claims remaining in this action, concludes that

Plaintiffs' Motion and the Motion for Summary Judgment are rendered moot and should be denied.

## III.

## CONCLUSION

27.     **WHEREFORE**, for the reasons stated herein, the Court hereby **GRANTS** SCA Defendants' Motion to Enforce Settlement and **DENIES** as moot Plaintiffs' Motion for Judgment on the Pleadings and SCA Defendants' Motion for Summary Judgment.  Based on the foregoing, ADC Defendants' counterclaims and crossclaims are hereby deemed **DISMISSED** with prejudice.

**SO ORDERED**, this the 16th day of September, 2016.

/s/ Michael L. Robinson
Michael L. Robinson
Special Superior Court Judge
  for Complex Business Cases